[No. H007201. Sixth Dist. July 3, 1991.]

COUNTY OF MONTEREY, Plaintiff and Appellant, v.
ANTHONY MARCELUS MAHABIR, Defendant;
GARY E. GRAY, Respondent.

**COUNSEL**

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart and George Williamson, Chief Assistant Attorneys General, John H. Sugiyama, Assistant Attorney General, David Lew, Josanna Berkow, Philip L. Strauss and Morris Beatus, Deputy Attorneys General, for Plaintiff and Appellant.

Thompson, Hubbard, Ometer, Battey & Gray, Lisa M. Storm and Gary E. Gray for Respondent.

**OPINION**

**PREMO, J.—** ▮ The County of Monterey (hereafter, County) attempts to appeal from an order directing it to pay attorney fees of $500 to defendant Anthony Mahabir's counsel, Gary E. Gray, pursuant to Code of Civil Procedure section 128.5.[1] A threshold issue is the appealability of this order.

---

[1]Further statutory references are to the Code of Civil Procedure unless otherwise specified.

This paternity action, filed in June 1989 by County on behalf of Cynthia Truitt, was voluntarily dismissed with prejudice in March 1990, after a January 1990 blood test to which defendant agreed in June 1989 precluded his paternity. Section 128.5, subdivision (a), authorizes an award of attorney fees "incurred by another party as a result of bad-faith actions or tactics that are frivolous . . . ." Subdivision (b) provides " 'Actions or tactics' " include "the filing and service of a complaint" (subd. (b)(1)) and " 'Frivolous' means (A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party" (subd. (b)(2)).

Amendments to section 904.1 effective January 1, 1990, have limited the appealability of judgments and orders "for the payment of monetary sanctions." (§ 904.1, subd. (a).) Subdivision (k) was added, providing for appeal: "From a superior court judgment directing payment of monetary sanctions by a party or an attorney for a party only if the amount exceeds seven hundred fifty dollars ($750). Lesser sanction judgments against a party or an attorney for a party may be reviewed on appeal by that party after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ." (See Stats. 1989, ch. 1416, § 25, No. 11 West's Cal. Legis. Service, p. 5330, No. 7, Deering's Adv. Legis. Service, pp. 6103-6104.)

"Rather than expand the category of appealable sanction orders, the Legislature sought to restrict it. The legislative history of the subdivision indicates the Legislature's intent was to '[e]liminate the right to appeal a judgment or order for the payment of monetary sanctions in cases where the order for payment is $750 or less. Review in such cases . . . will instead be upon the granting of a petition for an extraordinary writ.' [Citations.]" (*Kohan* v. *Cohan* (1991) 229 Cal.App.3d 967, 970 [280 Cal.Rptr. 474].) Here there is no final judgment since plaintiff County voluntarily dismissed its complaint with prejudice. Moreover, County does not request treatment of its attempted appeal as a writ petition. (See *Mattco Forge, Inc.* v. *Arthur Young & Co.* (1990) 223 Cal.App.3d 1429, 1442, fn. 10 [273 Cal.Rptr. 262].)

Prior to enactment of section 904.1, subdivision (k), sanction orders pursuant to section 128.5 were held appealable as final orders on a collateral matter directing the payment of money, regardless of the amount awarded. (*I. J. Weinrot & Son, Inc.* v. *Jackson* (1985) 40 Cal.3d 327, 331, 341, fn. 10 [220 Cal.Rptr. 103, 708 P.2d 682]; *Lieppman* v. *Lieber* (1986) 180 Cal.App.3d 914, 919 [225 Cal.Rptr. 845]; *Ellis* v. *Roshei Corp.* (1983) 143 Cal.App.3d 642, 645, fn. 3 [192 Cal.Rptr. 57].) For the same reason, this court recognized as appealable a sanction order for unjustified violation of a court order pursuant to section 177.5. (*Caldwell* v. *Samuels Jewelers* (1990)

222 Cal.App.3d 970, 975-976 [272 Cal.Rptr. 126].) County cites various cases recognizing the appealability of attorney fee awards in family law actions. (E.g., *Stoner* v. *Superior Court* (1945) 67 Cal.App.2d 760, 761 [155 P.2d 697], and cases there cited.) All this precedent predates the statutory amendment restricting such appeals.

■ "There is no constitutional right to an appeal; the appellate procedure is entirely statutory and subject to complete legislative control." (*Trede* v. *Superior Court* (1943) 21 Cal.2d 630, 634 [134 P.2d 745].) When the Legislature so intends, it can even terminate pending appeals by retroactive amendments to the statutes governing appeals. (*In re T.M.* (1988) 206 Cal.App.3d 314, 316 [253 Cal.Rptr. 535];[2] cf. *Andrus* v. *Municipal Court* (1983) 143 Cal.App.3d 1041, 1048-1049 [192 Cal.Rptr. 341], disapproved on another ground in *Evangelatos* v. *Superior Court* (1988) 44 Cal.3d 1188, 1207, fn. 11 [246 Cal.Rptr. 629, 753 P.2d 585].) The facts here do not present a question of retroactivity. The addition of subdivision (k) to section 904.1 was obviously intended to eliminate appeals from sanction orders like that in issue amounting to $750 or less.

County's attempted appeal is dismissed.

Capaccioli, Acting P. J., and Bamattre-Manoukian, J., concurred.

A petition for a rehearing was denied August 2, 1991.

---

[2]This court criticized *In re T.M.* on another ground in *In re Corienna G.* (1989) 213 Cal.App.3d 73, 79, footnote 1 [261 Cal.Rptr. 462].