[No. B237968. Second Dist., Div. Eight. Nov. 30, 2012.]

RONALD M. AUSTIN, Plaintiff and Appellant, v.
GEORGE VALVERDE, as Director, etc., et al., Defendants and
Respondents.

COUNSEL

Ronald M. Austin, in pro. per.; and Brent J. Borchert for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Alicia M. B. Fowler, Assistant Attorney General, Kenneth C. Jones and Nancy G. James, Deputy Attorneys General, for Defendants and Respondents.

OPINION

**RUBIN, Acting P. J.**—Ronald M. Austin appeals from the court's dismissal of his petition for writ of mandate ordering the Director of the Department of Motor Vehicles (DMV) to set aside DMV's suspension of his driver's license for refusing to submit to a chemical test of his blood-alcohol concentration (BAC). We remand for further proceedings in the trial court to permit appellant to prosecute his petition with the assistance of a copy of the transcript from the DMV administrative hearing that led to suspension of his license.

## FACTS AND PROCEEDINGS

On July 4, 2010, California Highway Patrolman T. Dalton arrested appellant for suspected drunk driving. Patrolman Dalton transported appellant to Ventura County Medical Center for a chemical test of appellant's BAC. Appellant alleges a dispute developed at the medical center between him and the patrolman about the types of chemical tests available to measure his BAC. Appellant expressed a preference for a urine test, but the patrolman informed him a urine test was not an "option." Accordingly, appellant submitted to a blood test. The administrative record contains what appears to be a report from the Ventura County Sheriff's Office forensic laboratory stating appellant's BAC was 0.22 percent in a blood sample drawn less than one hour after his arrest.

Seven weeks later on August 26, 2010, DMV convened an administrative hearing on whether to suspend appellant's license for refusing to submit to a chemical test of his BAC. At the hearing's conclusion, DMV suspended appellant's license for one year effective September 29, 2010, because appellant "refused to submit to or failed to complete a chemical test requested by a peace officer." A month later (shortly before his suspension was to take effect), appellant filed a petition for writ of mandate seeking an order directing respondent George Valverde in his capacity as DMV's director to set aside the suspension, or to show cause for refusing to do so. Appellant's petition alleged that when Patrolman Dalton directed appellant to submit to a chemical test or face suspension of his license, appellant agreed to what he understood was the patrolman's offer of a urine test. But, the petition further alleged, when Patrolman Dalton withdrew the offer of a urine test, appellant acquiesced without physical resistance to a blood test. Appellant filed with his petition an application for waiver of court fees and costs, which the court granted.

Appellant requested that DMV prepare the administrative record.[1] Contending that he needed a copy of the administrative hearing transcript to prosecute his petition, appellant asked that DMV provide him a free copy of the transcript based on his in forma pauperis status. DMV refused. Accordingly, appellant filed with the trial court a motion to compel production of the transcript. DMV opposed the motion, arguing that the law required DMV only to *prepare* the record, not to give a free copy of it to appellant. At the hearing on appellant's motion, the court ordered DMV to lodge the record, including the administrative hearing transcript, with the court. The court denied, however, appellant's request that DMV provide a free copy of the transcript to him. The court ruled, "[DMV] has the obligation to prepare the transcript[, but a fee waiver] doesn't require [DMV] provide copies of the transcript directly to [appellant]."

DMV lodged the administrative record with the court, and the court thereafter set a briefing schedule and trial date for appellant's petition. In the interim, the court refused to let appellant copy the lodged record. Claiming that not having a hearing transcript hamstrung his ability to establish his

---

[1] See Government Code section 11523 (administrative agency shall prepare administrative record upon petitioner's request and (in a typical case) petitioner's payment of cost of preparation). The parties dispute the details and chronology of appellant's request that DMV prepare the record, and whether appellant gave DMV a copy of the fee-and-cost-waiver order. (See Cal. Code Regs., tit. 1, § 1038, subd. (f) ["A party seeking a waiver of fees and costs to prepare the record for the purpose of judicial review under Code of Civil Procedure section 1094.5 who has been declared in forma pauperis . . . shall submit a valid order issued by the Superior Court."].) Be that as it may, this dispute is immaterial to this appeal because appellant acknowledges that DMV prepared and lodged the administrative record with the court without charging appellant.

petition's assertion that Patrolman Dalton's DMV hearing testimony proved that appellant did not refuse to take a chemical test, appellant did not file an opening brief in support of his petition. Instead, and in order to expedite his appeal, appellant filed a request for dismissal of his petition with prejudice one day before the scheduled bench trial of his petition. At the next day's hearing, the court accepted appellant's request to dismiss. The court stated, appellant "has not come to court, nor has he reviewed the file . . . . I see no ground shown for his failure to pay for [a copy of] the administrative record, nor do I find he has any right to have that record scanned and otherwise made available to him." The court took the hearing off calendar, and the clerk entered a dismissal with prejudice. This appeal followed.

## STANDARD OF REVIEW

To the extent that resolution of this appeal depends on statutory interpretation applied to undisputed facts, we independently review the trial court's refusal to order DMV to provide appellant a free copy of the administrative hearing transcript. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799 [35 Cal.Rptr.2d 418, 883 P.2d 960].)

DMV alternatively asserts that the abuse-of-discretion standard of review applies to the court's order refusing to compel DMV's production of the transcript. Whether or not DMV is correct, its assertion does not advance DMV's cause. Here, the court did not exercise discretion because it concluded it had no authority to order DMV to provide a free transcript. Failure to exercise discretion is itself an abuse of discretion. (*Richards, Watson & Gershon v. King* (1995) 39 Cal.App.4th 1176, 1180 [46 Cal.Rptr.2d 169]; *Dubois v. Corroon & Black Corp.* (1993) 12 Cal.App.4th 1689, 1696 [16 Cal.Rptr.2d 719]; *Gardner v. Superior Court* (1986) 182 Cal.App.3d 335 [227 Cal.Rptr. 78].) In short, the trial court either correctly held that it lacked authority to order DMV to provide a free copy of the transcript, in which case the court did not err regardless of the standard of review, or else the trial court mistook its authority, in which case it abused its discretion.

## DISCUSSION

1. *Appealability*

■ Appellant dismissed his petition following the court's order denying his motion to compel DMV's production of a free copy of the administrative hearing transcript. In dismissing his petition with prejudice, appellant's stated purpose was to expedite his appeal. "[M]any courts have allowed appeals by plaintiffs who dismissed their complaints after an adverse ruling by the trial court, on the theory the dismissals were not really voluntary, but only done to

expedite an appeal." (*Ashland Chemical Co. v. Provence* (1982) 129 Cal.App.3d 790, 793 [181 Cal.Rptr. 340]; see *Stewart v. Colonial Western Agency, Inc.* (2001) 87 Cal.App.4th 1006, 1012 [105 Cal.Rptr.2d 115] ["appellate courts treat a voluntary dismissal with prejudice as an appealable order if it was entered after an adverse ruling by the trial court in order to expedite an appeal of the ruling"]; *Casey v. Overhead Door Corp.* (1999) 74 Cal.App.4th 112, 116, fn. 2 [87 Cal.Rptr.2d 603], disapproved on another point in *Jimenez v. Superior Court* (2002) 29 Cal.4th 473, 481, fn. 1 [127 Cal.Rptr.2d 614, 58 P.3d 450] ["a party may agree to dismiss an action after an adverse ruling by the trial court, if the dismissal is intended to expedite the appeal and is not truly a voluntary relinquishment of the action"].)

DMV asserts we lack appellate jurisdiction because appellant voluntarily dismissed his petition. In support, DMV cites language from *Gutkin v. University of Southern California* (2002) 101 Cal.App.4th 967, 975 [125 Cal.Rptr.2d 115] (*Gutkin*) to argue we must dismiss the appeal: "It is well established that a voluntary dismissal . . . is not appealable." DMV misreads *Gutkin* because *Gutkin* distinguishes between a voluntary dismissal *with* prejudice and a voluntary dismissal *without* prejudice. The *Gutkin* court explained that because the plaintiff before it "dismissed his remaining claims in this case *without prejudice*, the voluntary dismissal could not have the legal effect of a final judgment, and could not serve to expedite an appeal. By voluntarily dismissing the action *without prejudice*[, the plaintiff] lost his ability to" take an appeal. (*Ibid.*) After stating the foregoing, *Gutkin* deemed inapposite the decisions cited in our preceding paragraph on which appellant relies—*Ashland Chemical Co. v. Provence*; *Stewart v. Colonial Western Agency, Inc.*; and *Casey v. Overhead Door Corp.*—because they were dismissals *with* prejudice, and as such they supported appellate jurisdiction. (*Ibid.*)

DMV's other authorities are, like *Gutkin*, equally unavailing for DMV's proposition that appellate jurisdiction can never arise from a voluntary dismissal. DMV miscites *County of Monterey v. Mahabir* (1991) 231 Cal.App.3d 1650 [282 Cal.Rptr. 924]. There, appellate jurisdiction did not exist over a trial court's $500 sanctions order because the amount was less than the statutory minimum for appealability of $750. (*Id.* at p. 1652.) And *Delagrange v. Sacramento Sav. & Loan Assn.* (1976) 65 Cal.App.3d 828 [135 Cal.Rptr. 614], also cited by DMV, is not our situation. There, the trial court sustained a demurrer with leave to amend to two of the plaintiff's multiple causes of action, but the plaintiff declined to amend the complaint. Instead, the parties stipulated to dismissal of the two causes of action and proceeded with the plaintiff's remaining claims. On review, the appellate court held the plaintiff had abandoned the two causes of action and could not appeal from their dismissal. (*Id.* at pp. 829–830.) And finally, *Yancey v. Fink* (1991) 226 Cal.App.3d 1334, 1342 [277 Cal.Rptr. 415], is also unlike our situation.

There, the trial court sustained a demurrer without leave to amend, but did not enter a judgment of dismissal. On review, the plaintiff asked the appellate court to deem the order sustaining the demurrer as a final judgment. Denying the plaintiff's request, the appellate court directed the plaintiff to obtain a final judgment. The plaintiff defied the appellate court's "instructions" and filed with the trial court a voluntary request for dismissal with prejudice. The appellate court found the dismissal fell short. The court stated, "By failing to obtain a properly appealable order, and then by divesting us of whatever jurisdiction we might have had by voluntarily dismissing the entire action, the [plaintiff] has left us with no alternative but to dismiss his appeal from the order sustaining the demurrer . . . ." (*Yancey*, at p. 1343.)

We conclude appellant may appeal from his voluntary dismissal with prejudice, and we therefore turn to the merits of his appeal.

## 2. *Duty to Provide Free Transcript*

DMV's administrative hearing that resulted in suspension of appellant's driver's license was audio recorded. (See *Elizabeth D. v. Zolin* (1993) 21 Cal.App.4th 347, 353 [25 Cal.Rptr.2d 852] [administrative hearing to suspend license recorded or transcribed]; see also Veh. Code, § 14104.2, subd. (b) ["The entire proceedings at any hearing may be recorded by a phonographic recorder or by mechanical, electronic, or other means capable of reproduction or transcription."].) DMV accepts the hearing transcript's importance to appellant's petition in the trial court. DMV's brief states "it is apparent from his petition that [appellant] intended to rely on [testimony and argument from the DMV administrative hearing] . . . ." "[G]iven the arguments [appellant] was likely to make [in the trial court], the transcript of the administrative hearing was almost certainly necessary for an adequate judicial review."

Upon the request of an aggrieved petitioner such as appellant who seeks judicial review of an adverse administrative decision, the administrative agency must prepare the administrative record. (Gov. Code, § 11523.) Ordinarily, the petitioner pays the cost of preparing the record. "On request of the petitioner for a record of the proceedings, [the record] shall be prepared by the Office of Administrative Hearings or the agency and shall be delivered to the petitioner . . . upon the payment of the cost for the preparation of the transcript, the cost for preparation of other portions of the record and for certification thereof." (*Ibid.*) But, if the petitioner is proceeding in forma pauperis under the trial court's waiver of court fees and costs, the agency must bear the cost of preparing the administrative hearing transcript. The administrative mandate statute, Code of Civil Procedure section 1094.5, subdivision (a), states: "Where the petitioner has proceeded pursuant to [statutes and court rules providing waiver of court fees and costs to indigents]

and where the transcript is necessary to a proper review of the administrative proceedings, the cost of preparing the transcript shall be borne by" the administrative agency.

DMV accepts its obligation to pay the cost of preparing the administrative record. DMV disclaims, however, any obligation to provide a copy of the hearing transcript to appellant free of charge. DMV explains that it opposed appellant's motion to compel production of the transcript because "the relevant statutes only require DMV to *prepare* the record, not to give a free copy to" appellant. According to DMV, "Code of Civil Procedure section 1094.5 excuses an indigent petitioner from paying the cost *of preparing the transcript*, nothing more. It does not authorize or require the agency to provide a free copy of the transcript to the petitioner for his personal use."

Appellant contends DMV's distinction between *preparing* the administrative record and *providing* a free copy of the transcript to him ignores the legislative intent behind fee waivers in judicial review of administrative decisions. In support, appellant reads Government Code section 11523 (which governs DMV's duty to prepare the administrative record) and Code of Civil Procedure section 1094.5 (which imposes on DMV the cost of preparing the hearing transcript in a fee waiver case) as related statutes touching upon one subject—an indigent's right to seek judicial review of an administrative decision. We agree. We conclude that DMV's distinction between preparing the record and copying it rests on a distinction the Legislature did not intend when it decreed that an administrative agency shall bear the costs of preparing the record for administrative decisions involving indigent petitioners.

Examining the history of the Legislature's 1982 amendment to Code of Civil Procedure section 1094.5, which directed administrative agencies to bear the cost of preparing the transcript in cases involving fee waivers, is instructive. In *Civil Service Commission v. Superior Court* (1976) 63 Cal.App.3d 627 [133 Cal.Rptr. 825] (*Price*), decided six years before the 1982 amendments, a trial court ordered an administrative agency to provide an administrative hearing transcript " 'free of charge' " to an indigent petitioner. (*Id.* at p. 630.) In the administrative agency's appeal from that order, the issue was whether an indigent petitioner seeking judicial review of an administrative decision was entitled to a transcript of the administrative record at public expense when the trial court needed the transcript to review evidence from the administrative hearing. (*Id.* at p. 629.) Before 1982, section 1094.5 read in pertinent part: "Where the writ is issued for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of

facts is vested in the inferior tribunal, corporation, board, or officer, the case shall be heard by the court sitting without a jury. All or part of the record of the proceedings before the inferior tribunal, corporation, board, or officer may be filed with the petition, may be filed with respondent's points and authorities, or may be ordered to be filed by the court. If the expense of preparing all or any part of the record has been borne by the prevailing party, such expense shall be taxable as costs." (See *Price, supra,* 63 Cal.App.3d at pp. 631–632 [quoting same statutory language].)

Interpreting Code of Civil Procedure section 1094.5 as it existed before 1982, the *Price* court found controlling Supreme Court authority recognized no right for an indigent to receive a free copy of the transcript even though the *Price* court recognized "very good reasons" existed for an indigent to receive a copy at public expense. (*Price, supra,* 63 Cal.App.3d at p. 629.) Citing the dictate of *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937] that lower courts must follow binding Supreme Court precedent, the *Price* court concluded it had no choice but to reverse the trial court's order directing the administrative agency to provide a free copy of the administrative hearing transcript to the indigent petitioner. (*Price, supra,* at pp. 630–631.)

Highlighting its conclusion that its reversal of the trial court was by compulsion, not by choice, the *Price* court cited and distinguished *Crespo v. Superior Court* (1974) 41 Cal.App.3d 115 [115 Cal.Rptr. 681] as a situation where a trial court could lawfully order a free transcript for an indigent. (*Price, supra,* 63 Cal.App.3d at p. 631.) In *Crespo,* a juvenile dependency statute provided for court-appointed counsel to represent indigent parents facing loss of custody of their children. The parents in *Crespo* argued their statutory right to court-appointed counsel implied they also had the right to a free transcript for their counsel's use on appeal—and the *Crespo* court agreed. But *Price* distinguished *Crespo* because no analogous statute for appointment of counsel existed in *Price* from which one could infer a right to a transcript. *Price* explained that no right to order a free transcript existed because "there is no statute upon which we can rely to reach a result contrary to the principle adopted by our Supreme Court" forbidding a free transcript. (*Price,* at p. 631.)

Six years after *Price,* the 1982 amendment to Code of Civil Procedure section 1094.5 effected a sea change. The 1982 amendment, which we italicize, stated: "Where the writ is issued for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer, the case shall be heard by

the court sitting without a jury. All or part of the record of the proceedings before the inferior tribunal, corporation, board, or officer may be filed with the petition, may be filed with respondent's points and authorities, or may be ordered to be filed by the court. *Except when otherwise prescribed by statute, the cost of preparing the record shall be borne by the petitioner. Where the petitioner has proceeded pursuant to* [statutes and court rules governing waiver of court costs and fees[2]] *and where the transcript is necessary to a proper review of the administrative proceedings, the cost of preparing the transcript shall be borne by the respondent. . . .*"

The 1982 amendment answered *Price*'s remonstration that no statute permitted shifting to an administrative agency the cost of preparing a hearing transcript even when "very good reasons" existed for doing so. *Board of Medical Quality Assurance v. Superior Court* (1988) 203 Cal.App.3d 691, 701 [250 Cal.Rptr. 182] (*Dean*) recognized the sea change. Relying in part on in pari materia principles that courts should interpret as one law different statutes relating to the same person, thing, or subject matter (*Dean*, at p. 698), *Dean* noted that Government Code section 11523, which requires the administrative agency to prepare the administrative record, did not provide for shifting costs based on a petitioner's indigency. (*Dean*, at pp. 696–697.) But, *Dean* noted, the 1982 amendment to Code of Civil Procedure section 1094.5 allowed cost shifting with a specific goal in mind. *Dean* explained: "The manifest and undisputed purpose of the 1982 addition of the waiver provision to Code of Civil Procedure section 1094.5 was to permit indigents to obtain the administrative hearing transcripts essential to judicial review." (*Dean*, at p. 697.) Of significance here, *Dean* noted that appellate decisions denying waiver of transcript costs were decided before, and thus superseded by, the 1982 amendment to section 1094.5, subdivision (a). Tellingly, DMV relies upon decisions of similarly outdated vintage when it cites *City of Sacramento v. Superior Court* (1980) 113 Cal.App.3d 715, 716 [170 Cal.Rptr. 75] (trial court may not order agency to provide copy of transcript free of charge to indigent); *Escrow Guarantee Co. v. Savage* (1963) 213 Cal.App.2d 595, 597–598 [28 Cal.Rptr. 889] (prevailing petitioner's attorney not entitled to recover cost of copying transcript used by petitioner's counsel because Code Civ. Proc., § 1094.5 obligated losing agency to pay cost of statutorily identified costs which did not include copies); and *Cooper v. State Board of Public Health* (1951) 102 Cal.App.2d 926, 933 [229 P.2d 27] (referring to order taxing costs under Code Civ. Proc., § 1094.5, subd. (a) as it existed in

---

[2] Since 1982, the cross-reference to statutes and court rules has changed to reflect renumbering of the cross-referenced statutes. (Compare Historical and Statutory Notes, 18B West's Ann. Code Civ. Proc. (2007 ed.) foll. § 1094.5, p. 290 with Historical and Statutory Notes, 18B West's Ann. Code Civ. Proc. (2012 supp.) foll. § 1094.5, p. 40.)

1951: "We think it patent that the statute refers to the record of the proceeding filed in the superior court and not to a copy of the record obtained for the use of counsel.").

■ We conclude that the Legislature's purpose in adopting the 1982 amendment to section 1094.5 was to provide indigents with meaningful access to judicial review of administrative decisions. (*Dean, supra,* 203 Cal.App.3d at p. 697 ["manifest and undisputed purpose" of 1982 amendment to Code Civ. Proc., § 1094.5 "was to permit indigents to obtain the administrative hearing transcripts essential to judicial review"].) We see nothing suggesting the Legislature intended to undercut that purpose by denying an indigent a free copy of the transcript prepared by the agency. In short, the agency's duty to *prepare* the administrative record under Government Code section 11523 at its own expense for an indigent petitioner encompasses the duty to provide a *copy* of the transcript to the indigent petitioner under Code of Civil Procedure section 1094.5.

## DISPOSITION

The dismissal with prejudice is vacated and the matter is remanded to the trial court for further proceedings on appellant's petition for writ of mandate after the Department of Motor Vehicles provides free of charge to appellant a copy of the administrative hearing transcript.

Flier, J., and Grimes, J., concurred.