Filed 6/26/14  Sanai v. Pfeiffer CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| CYRUS SANAI, | B246349 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. SC114329) |
| v. | |
| JON PFEIFFER et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa Hart Cole, Judge.  Affirmed.

Cyrus Sanai, in pro. per., for Plaintiff and Appellant.

Pfeiffer Thigpen Fitzgibbon & Ziontz and Jon Pfeiffer for Defendants and Respondents.

Cyrus Sanai, in propria persona, appeals from an order of the trial court granting in part and denying in part his motion for attorney fees, costs, and sanctions against respondents Jon Pfeiffer and his law firm, Pfeiffer Thigpen Fitzgibbon & Ziontz (collectively Pfeiffer). We conclude that the trial court correctly denied Sanai's request for compensatory legal fees and ordered a penalty to be paid to the court rather than to Sanai. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 30, 2011, Sanai, acting in propria persona, filed suit against Israel Baron in the Los Angeles Superior Court, alleging that Baron owed him $149,240 in legal fees. Baron retained Pfeiffer as counsel.

Baron did not file an answer. Instead, on November 30, 2011, Baron filed a notice of vexatious litigant subject to a pre-filing order, in reliance on an April 28, 2011 order by the Los Angeles Superior Court. On December 15, 2011, Baron sought an automatic dismissal of the action due to Sanai's failure to obtain a pre-filing order.

Unbeknownst to Pfeiffer, the vexatious litigant order had been stayed by the Court of Appeal on May 26, 2011.[1] On December 16, 2011, Sanai filed a request for entry of default and notified Baron of the stay pending appeal. The request for entry of default was rejected by the clerk as incomplete. On December 28, 2011, Sanai filed an ex parte motion to enter default and clerk's judgment pursuant to

---

[1] The order declaring Sanai a vexatious litigant was reversed on appeal. (*Sanai v. Saltz* (Mar. 20, 2013, B232770) [nonpub. opn.].)

Code of Civil Procedure section 585, subdivision (a), and a second request for entry of default.[2]

On December 28, 2011, Baron filed an ex parte application for an order setting aside Sanai's request for entry of default. The application was based on two grounds. First, Baron argued that he entered an appearance by filing a notice of vexatious litigant and a notice of automatic dismissal. Second, Baron argued that Sanai violated his ethical obligation to warn Baron before filing his request for entry of default. (See Rylaarsdam & Edmon, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2013) ¶ 5:68, p. 5-19.) On December 30, 2011, Sanai filed a third request for entry of default, which Baron opposed on the same grounds raised in his ex parte application.

On January 30, 2012, the trial court granted Sanai's request for entry of default but simultaneously granted Baron's request for relief from default. The court reasoned that Sanai was entitled to entry of default because Baron had failed to file a responsive pleading in a timely manner.[3] However, the court granted Baron relief from default based on surprise, pursuant to section 473, subdivision (b).[4] The court reasoned that Sanai knew that Baron was represented by counsel and was under the mistaken impression that the vexatious litigant order was

---

[2] All further statutory references are to the Code of Civil Procedure unless otherwise specified.

[3] The court rejected Baron's argument that his notice of automatic dismissal was sufficient to prevent entry of default.

[4] Section 473, subdivision (b) provides, in part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." The court noted that Baron did not actually cite section 473, subdivision (b) in his application, but that his papers fairly advised Sanai that he sought relief based on surprise or excusable neglect arising from Sanai's conduct.

3

enforceable. Sanai further knew that Baron was "affirmatively and vigorously challenging [Sanai's] right to recover." Nonetheless, Sanai did not inform Baron of his intent to seek default on December 16, 2011, and again on December 30, 2011, conduct that the court decried as indicating a "lack of professional courtesy." The court thus exercised its discretion to grant Baron relief from the default.[5]

On February 8, 2012, Sanai filed a motion for compensatory legal fees, costs, and sanctions pursuant to section 473, subdivisions (b) and (c). The court's decision on this motion is the subject of this appeal. In his motion, Sanai acknowledged case law prohibiting the award of attorney fees to a litigant acting in propria persona, but he argued that he was entitled to "compensatory legal fees," which he argued are distinguishable from attorney fees. Sanai sought $39,000 in compensatory legal fees, $2,840.50 in "out of pocket 'compensatory legal . . . costs,'" and $1,000 in sanctions from Pfeiffer and his law firm, and he further asked the court to require Baron to post a $208,068.14 bond to secure any judgment against Baron.

Baron opposed the motion. In the opposition, Pfeiffer pointed out that "Sanai believes he will lose this Motion," attaching as an exhibit a February 16, 2012 email from Sanai to an attorney named Larry Ecoff, entitled "Baron settlement proposal," in which Sanai offered a $35,000 settlement under the

---

[5]     Although the court granted Sanai's request for default, the court denied Sanai's request for entry of clerk's judgment on the basis that a clerk's judgment may only be entered on contracts that provide for a fixed amount of damages, and Sanai's claim was not based on such a contract. The court also denied Sanai's request to disqualify Baron's counsel. Finally, the court ordered Pfeiffer's answer, filed on January 18, 2012, stricken and deemed re-filed as of the date of the order, January 30, 2012.

4

condition that Sanai was entitled to file an appeal of his motion for legal fees against Pfeiffer.[6]

Sanai stated in his reply that he had reached "a tentative agreement" with Baron. He therefore reduced the amount of his request for legal fees to $31,000 and withdrew his request for a bond. Sanai stated, however, that the agreement allowed him to pursue fees from Pfeiffer pursuant to section 473.

At a March 6, 2012, hearing, Sanai stated that he had a final draft of a settlement agreement with Baron. Sanai explained that, pursuant to the agreement, Baron agreed to make payments over time, but that Sanai could continue to proceed against Pfeiffer. Sanai further explained that, because this order would not be appealable, he would file for an order of dismissal.

The trial court held that Sanai was entitled to recover costs in the amount of $440.50 and ordered Pfeiffer to pay sanctions in the amount of $1,000 to the Los Angeles Superior Court. The court denied Sanai's request for $31,000 in "compensatory legal fees," relying on authority that a pro. per. litigant is not entitled to attorney fees. (See *Musaelian v. Adams* (2009) 45 Cal.4th 512, 515 (*Musaelian*) ["section 128.7 does not authorize sanctions in the form of an award of attorney fees to self-represented attorneys"]; *Trope v. Katz* (1995) 11 Cal.4th 274, 277 [Civil Code section 1717 does not allow the recovery of attorney fees by an attorney who litigates in propria persona].) The court set the matter for an order to show cause regarding dismissal pursuant to the settlement on April 20, 2012.

On April 20, 2012, the court continued the order to show cause to October 17, 2012. On November 13, 2012, Sanai filed a request for dismissal with

---

[6]     Pfeiffer did not explain Ecoff's involvement in the case, but Sanai referred to Baron's hiring of a different attorney to settle the matter – presumably this was Ecoff's role.

5

prejudice pursuant to the settlement agreement.  In January 2013, he filed a notice of appeal of the trial court's "interlocutory order denying [him] 'compensatory legal fees' and sanctions" against Pfeiffer and his firm.

## DISCUSSION

I.     *The Order is Appealable*

"A voluntary dismissal under Code of Civil Procedure section 581, subdivision (b)(1) by written request to the clerk is not a final judgment, as no judgment, final or otherwise, is necessary to the dismissal.  [Citations.]  A voluntary dismissal is a ministerial act, not a judicial act, and not appealable.  [Citations.]"  (*H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1364-1365.)  However, "'many courts have allowed appeals by plaintiffs who dismissed their complaints after an adverse ruling by the trial court, on the theory the dismissals were not really voluntary, but only done to expedite an appeal.'  [Citations.]"  (*Austin v. Valverde* (2012) 211 Cal.App.4th 546, 550-551.)

Sanai argues that his appeal falls within an exception to the general rule that a voluntary dismissal is not appealable, which this court discussed in *Stewart v. Colonial Western Agency, Inc.* (2001) 87 Cal.App.4th 1006 (*Stewart*).  In *Stewart*, the trial court granted a motion for sanctions against the defendant's counsel.  The defendant appealed, explaining in its opening brief on appeal that the parties had settled the case but reserved the right to proceed on the appeal as part of the settlement.  The record indicated that no judgment or order of dismissal of the case was ever entered.  Nonetheless, we reasoned that "appellate courts treat a voluntary dismissal with prejudice as an appealable order if it was entered after an adverse ruling by the trial court in order to expedite an appeal of the ruling.  [Citations.]"  (*Id.* at ap. 1012.)  Because the parties agreed that "the dismissal was entered with

6

the stipulation that appeal from the trial court's order imposing sanctions was to follow," we concluded that the order granting sanctions was appealable. (*Ibid.*)

Similarly, *Goldbaum v. Regents of University of California* (2011) 191 Cal.App.4th 703, 708, held that the denial of an appellant's motion for attorney fees and the subsequent dismissal of the action with prejudice following a settlement "have the legal effect of a final, appealable judgment." In *Goldbaum*, the court "presume[d] [the appellant] dismissed the complaint with prejudice for the purpose of expediting the appeal," and therefore held that the denial of the motion for attorney fees was appealable. (*Ibid.*)

Pursuant to *Stewart* and *Goldbaum*, we conclude that the order granting in part and denying in part Sanai's request for fees is appealable. Nonetheless, we affirm the trial court's finding that Sanai is not entitled to fees.

II. *The Trial Court did not Abuse its Discretion in Denying Sanai's Fee Request*

"California follows the 'American rule,' under which each party to a lawsuit ordinarily must pay his or her own attorney fees. [Citations.] Code of Civil Procedure section 1021 codifies the rule, providing that the measure and mode of attorney compensation are left to the agreement of the parties '[e]xcept as attorney's fees are specifically provided for by statute.'" (*Musaelian*, *supra*, 45 Cal.4th at p. 516.) Sanai contends that he is entitled to compensatory legal fees pursuant to section 473, subdivision (b). He further contends that the trial court erred in ordering the penalty imposed under section 473, subdivision (c)(1) to be paid to the court rather than to him. We disagree with both contentions.

The trial court's ruling under section 473 is "entitled to the usual appellate deference: Its discretionary determinations will not be reversed in the absence of a clear showing of abuse [citations], and factual inferences drawn by it are presumed correct [citation]." (*Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1139-1140.)

"Section 473, subdivision (b) provides for two distinct types of relief – commonly differentiated as 'discretionary' and 'mandatory' – from certain prior actions or proceedings in the trial court. 'Under the discretionary relief provision, on a showing of "mistake, inadvertence, surprise, or excusable neglect," the court has discretion to allow relief from a "judgment, dismissal, order, or other proceeding taken against" a party or his or her attorney. Under the mandatory relief provision, on the other hand, upon a showing by attorney declaration of "mistake, inadvertence, surprise, or neglect," the court shall vacate any "resulting default judgment or dismissal entered."' [Citation.] Applications seeking relief under the mandatory provision of section 473 must be 'accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect.' (§ 473, subd. (b).) The mandatory provision further adds that 'whenever relief is granted based on an attorney's affidavit of fault [the court shall] direct the attorney to pay reasonable compensatory legal fees and costs to opposing counsel or parties.' [Citation.]" (*Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1124.)

In addition, section 473, subdivision (c)(1), provides in part as follows: "Whenever the court grants relief from a default, default judgment, or dismissal based on any of the provisions of this section, the court *may* do any of the following: (A) Impose a penalty of no greater than one thousand dollars ($1,000) upon an offending attorney or party. [¶] (B) Direct that an offending attorney pay an amount no greater than one thousand dollars ($1,000) to the State Bar Client Security Fund. [¶] (C) Grant other relief as is appropriate." (Italics added.) Thus, where relief is *not* based on an attorney's affidavit of fault but instead is granted under the discretionary provision of section 473, the court *may* grant appropriate relief, including attorney fees. (Rylaarsdam & Edmon, *supra*, ¶ 5:406, p. 5-104; *Vanderkous v. Conley* (2010) 188 Cal.App.4th 111, 118–119.)

We acknowledge that under the mandatory provision, which is based on an attorney's affidavit of fault, the court "*shall . . .* direct the attorney to pay reasonable compensatory legal fees and costs to opposing counsel or parties." (§ 473, subd. (b), italics added.)  The record is clear, however, that the trial court granted relief under the discretionary relief provision.  The court described Sanai's conduct – failing to notify Pfeiffer of the stay of the vexatious litigant order and of his intent to seek default – as "a professional discourtesy and *grounds for the Court to exercise its discretion* in favor of finding surprise or excusable neglect, particularly given the circumstances of the case."[7]  (Italics added.)

Moreover, Baron's application for relief from default did not rely on the mandatory provision of section 473.  Instead, Baron relied on authority addressing discretionary relief under section 473, subdivision (b).  (See, e.g., *Fasuyi v. Permatex, Inc.* (2008) 167 Cal.App.4th 681, 694, 701-702.)  The record thus is clear that the court acted under the discretionary provision of section 473, subdivision (b).

Section 473, subdivision (c)(1) therefore applies, and under its provisions, the court *may*, but is not required to, "[i]mpose a penalty" or "[g]rant other relief as is appropriate."  Sanai's entire argument regarding compensatory legal fees, which are required under the mandatory provision of section 473, subdivision (b), thus is irrelevant.

---

[7]      A further indication that the court acted pursuant to the discretionary provision is the fact that the court specifically deemed Pfeiffer's answer re-filed as of the date of the hearing on Pfeiffer's application to set aside Sanai's request for entry of default.  The discretionary provision requires an application for relief to "be accompanied by a copy of the answer or other pleading proposed to be filed therein."  (§ 473, subd. (b).)  In addition, the court did not rely solely on Pfeiffer's affidavit in granting relief, instead, citing Sanai's conduct as the basis for relief.

Here, the court declined to grant Sanai relief in the form of legal fees because he is a pro. per. litigant, relying on *Musaelian* and *Argaman v. Ratan* (1999) 73 Cal.App.4th 1173. We agree with the trial court. There was no basis for awarding Sanai relief in the form of legal fees because he is a pro. per. litigant. The trial court therefore properly relied on this authority to deny Sanai's request for relief in the form of legal fees.

In *Musaelian*, the California Supreme Court addressed whether section 128.7, which authorizes trial courts to impose sanctions to deter filing abuses, allowed an award of attorney fees to a party attorney who represented himself. As pertinent here, the court reasoned that the primary purpose of section 128.7 "is to deter filing abuses, not to compensate those affected by them." (*Musaelian*, *supra*, 45 Cal.4th at p. 519.) The court further reasoned that section 128.7's purpose of deterring filing abuses "will not suffer if attorney fees are not allowed to attorneys representing themselves. Section 128.7 provides the trial court with a wide range of options all of which are designed to deter filing abuses. These options include ordering penalties payable to the court." (*Ibid.*)

The purpose of section 473, subdivision (b) is to "'permit, rather than prevent, the adjudication of legal controversies upon their merits.' [Citation.]" (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 255-256.) The purpose of the mandatory relief provision of section 473, subdivision (b) is "'to alleviate the hardship on parties who *lose their day in court* due solely to an inexcusable failure to act on the part of their attorneys.' [Citation.]" (*Id.* at p. 257.) Similar to section 128.7, section 473 provides the court with a wide range of options to further those purposes, compensatory legal fees being only one of those options. In addition, the statute provides the court with discretion to grant any appropriate relief, including a $1,000 penalty and a $1,000 payment to the State Bar Client Security Fund. (§ 473, subd. (c)(1).)

10

Relying on the reasoning of *Musaelian*, we conclude that the purpose of section 473, subdivision (b) would not suffer if compensatory legal fees are not awarded to Sanai. An award would not further the purpose of permitting the adjudication of the case on its merits, nor would it alleviate any hardship on Baron.

Moreover, the circumstances of this case support the trial court's denial of Sanai's request for $31,000 in fees. In his motion for fees, Sanai argued that he was entitled to compensation "for the time wasted . . . in dealing with the failure of [Pfeiffer] to file a timely answer." However, as the trial court reasoned, Sanai knew that Baron was represented by counsel and was "affirmatively and vigorously challenging [Sanai's] right to recover." Any purported "waste" of Sanai's time therefore was caused by his own failure timely to notify Pfeiffer of the stay of the vexatious litigant order – conduct that the trial court decried as a "professional discourtesy."

Finally, we conclude that the trial court did not abuse its discretion in ordering the $1,000 penalty to be paid to the court rather than to Sanai. Section 473, subdivision (c)(1) does not state that the penalty is to be paid to the opposing party. Instead, the relief is left within the court's discretion.[8] We conclude that the trial court properly exercised its discretion.

---

[8] *Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, upon which Sanai relies, is inapposite. That case involved the determination of the limitations period for a claim under Labor Code section 226.7. Its discussion regarding whether the "additional hour of pay" (*id.* at p. 1102), provided as a remedy in the statute, was a wage or a penalty for statute of limitations purposes is not relevant to the question of whether a penalty imposed under section 473, subdivision (c)(1) is to be paid to the court or the opposing party. The court has discretion to impose the penalty and determine the appropriate relief. (§ 473, subd. (c)(1).)

## DISPOSITION

The order appealed from is affirmed.  Respondents are entitled to costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, Acting P. J.

We concur:

MANELLA, J.

EDMON, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.