Filed 6/25/26  Wen v. Zhu CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SHUOLIN WEN,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>QINGZHOU ZHU et al.,<br><br>        Defendants and Respondents. | B345073<br><br>(Los Angeles County Super. Ct. No. 24STCV01427) |

        APPEAL from an order of the Superior Court of Los Angeles County, Maurice A. Leiter, Judge.  Dismissed.

        Concord & Sage and Yang Wenyao for Plaintiff and Appellant.

Law Offices of Bin Li & Associates, Bin Li, and Leah G. Smolker for Defendants and Respondents Qingzhou Zhu, Sisley Wong, Xiaodan Zhang, and LA Fruity, Inc.

Morgan, Lewis & Bockius, Daniel A. Armstrong, Arjun P. Rao, and Marcos D, Sasso for Defendant and Respondent JPMorgan Chase Bank, N.A.

\* \* \* \* \* \*

An investor repeatedly loaned large sums of money to the owner of a cannabis business. When the owner did not repay those loans, the investor sued the owner and 14 other individuals and entities, for breach of contract, money had and received, and fraud. The 27 counts in the operative third amended complaint did not distinguish between the 15 defendants. A subset of the defendants demurred to a subset of counts in the operative complaint. The trial court sustained those demurrers without leave to amend in an unsigned minute order, but never subsequently issued a judgment or a signed order of dismissal. Apparently, believing it would facilitate review of the demurrer ruling, the investor voluntarily dismissed with prejudice the *entire* action against *all* of the defendants, and proceeded to appeal that dismissal order, which was signed by the court clerk. Because the investor's actions leave us no appealable order or judgment, we dismiss.

## FACTS AND PROCEDURAL BACKGROUND

### I.    Allegations in the Operative Complaint (the Third Amended Complaint)

From December 2018 to August 2019, Qingzhou Zhu (Zhu) solicited Shuolin Wen (plaintiff) to loan him money to fund Zhu's

businesses in the cannabis industry; Zhu is alleged to have misrepresented the success and future prospects of those businesses. Based on those misrepresentations, plaintiff made numerous separate loans to Zhu and also formed an employment relationship with Zhu.

Plaintiff filed a lawsuit on January 18, 2024.

In the operative third amended complaint, plaintiff sued Zhu and 14 other individuals or entities[1] (collectively, defendants) in 27 counts for (1) breach of contract, (2) money had and received, and (3) fraud. The 27 counts are alleged against "All Defendants," and plaintiff proffers only conclusory allegations as to why the defendants other than Zhu (and, in two instances, Fangshuo Guo) are liable—namely, that "each and every Defendant . . . was at all times acting as managing agents of all other Defendants," that each defendant's conduct was "taken in furtherance of [a] conspiracy," and that Zhu was also an "agent" and "employee" of Chase Bank. No foundational facts are alleged in support of these legal conclusions.

Here is a summary of the counts associated with plaintiff's loans:

--     *Counts 1 and 2 for breach of contract and fraud.* On January 14, 2019, plaintiff entered into a written contract with Zhu. In the contract, plaintiff agreed to loan $200,000 to Zhu and one of his companies, Casa Cannabis Inc.; Zhu agreed to repay

---

[1]     Specifically, the 15 total named defendants are Zhu, Fangshuo Guo, Guoqiang Zhu, Sisley Wong, Xiaodan Zhang, Hanh Phuong Giang, Yash Dave, Skybox Holdings 81, Sam Management LLC, Wharf Fun, Inc., Green Planets Express, Ice Castle Inc., Casa Cannabis Inc., JP Morgan Chase Bank, N.A., and LA Fruity, Inc.

plaintiff $240,000 by December 30, 2019.  Plaintiff and Zhu later modified the contract so plaintiff instead paid the $200,000 to entities Yash Dave and Wharf Fun, Inc.  Plaintiff was never repaid.

--- *Counts 3, 4, and 5 for breach of contract, money had and received, and fraud.*  On January 30, 2019, plaintiff and Zhu entered into a written contract.  Under the contract, plaintiff agreed to loan $250,000 to Zhu, secured by an interest against Zhu's real property; Zhu agreed to repay plaintiff the $250,000 by June 31, 2019.[2]  Plaintiff and Zhu later modified the contract so plaintiff instead paid the $250,000 to Fangshuo Guo.  Plaintiff was never repaid.

--- *Counts 6 and 7 for breach of contract and fraud.*  On March 4, 2019, plaintiff and Zhu entered into a written contract.  Under the contract, plaintiff agreed to loan Zhu $20,000, and Zhu agreed to repay $20,000 within seven days.  Plaintiff paid Zhu $20,000 on March 14, 2019, and was never repaid.

--- *Counts 8 and 9 for breach of contract and fraud.*  On March 26, 2019, plaintiff and Zhu entered into a written contract.  Under the contract, plaintiff agreed to loan Zhu $25,000, and Zhu agreed to repay plaintiff $29,500 "in May."  Plaintiff was never repaid.

--- *Counts 10 and 11 for money had and received and fraud.*  On April 2, 2019, plaintiff and Guo entered into a written contract.  Under the contract, plaintiff agreed to pay $125,000 to Guo, secured by an interest against real property owned by Zhu; Guo agreed to repay plaintiff $100,000 on April 28, 2019.  Plaintiff was never repaid.

---

[2] Although "June 31" is not a real date, it is the date alleged in the operative complaint and stated in the written contract.

4

---    *Counts 12 and 13 for breach of contract and fraud.* On April 30, 2019, plaintiff and Zhu entered into a written contract. Under that contract, plaintiff agreed to loan Zhu $150,000 by May 2, 2019; Zhu agreed to repay plaintiff $160,000 by July 1, 2019. Plaintiff and Zhu subsequently modified the agreement so plaintiff instead paid Sam Management LLC. Plaintiff was never repaid.

---    *Counts 14 and 15 for breach of contract and fraud.* On May 10, 2019, plaintiff and Zhu entered into a written contract. Under that contract, plaintiff agreed to pay Zhu $19,192; Zhu agreed to repay that amount on July 10, 2019. Plaintiff was never repaid.

---    *Count 18 for fraud.* On July 1, 2019, plaintiff paid Zhu $60,000 which was never repaid.

---    *Counts 22, 23, and 24 for breach of contract, fraud, and money had and received.* On June 8, 2021, plaintiff entered into a written contract. Under that contract, plaintiff agreed to pay $100,000 to one of Zhu's companies, Skybox Holdings 81. Plaintiff and Zhu later modified the contract so plaintiff agreed to pay $98,600, and Zhu agreed to repay plaintiff $100,000 by September 8, 2021. Plaintiff was never repaid.

---    *Count 25 for money had and received.* On June 15, 2021, plaintiff orally agreed to loan Zhu $5,000. Plaintiff was never repaid.

---    *Counts 26 and 27 for breach of contract and money had and received.* On June 16, 2021, plaintiff orally agreed to loan Zhu $50,000. Plaintiff was never repaid.

Here is a summary of the counts associated with plaintiff's employment:

5

---        *Counts 16 and 17 for breach of contract and fraud.* On August 1, 2019, plaintiff entered into a one-year written employment contract with Zhu and his cannabis business, LA Fruity, Inc.  Under that contract, plaintiff agreed to serve as a "product manager" at one of the business's locations in Cathedral City, California; Zhu agreed to pay plaintiff a 30 percent cut of the profits generated from that location.  Plaintiff never received any portion of the profits.

---        *Counts 19, 20, and 21 for breach of contract.*  On November 25, 2019, plaintiff and Zhu entered into a written shareholder contract.  Under that contract, plaintiff agreed to stop working at LA Fruity's Cathedral City location; Zhu agreed to pay plaintiff (1) $50,000 by November 27, 2019 (giving rise to count 19), (2) $150,000 by December 31, 2019 (giving rise to count 20), and (3) $150,000 by January 31, 2020 (giving rise to count 21).  Plaintiff was never paid.

## II.    **Demurrers to the Operative Complaint**

After demurrers to three earlier iterations of the complaint were mooted or sustained with leave to amend, two subsets of defendants[3] again challenged the operative, third amended complaint—namely, (1) Chase Bank filed a demurrer, and (2) Zhu, Sisley Wong, Xiaodan Zhang, and LA Fruity jointly filed a demurrer.[4]

---

[3]    Another defendant, Skybox Holdings 81, also demurred, but the filings related to that motion are not in the record on appeal and plaintiff represents in his opening brief that he entered into an agreement with Skybox Holdings 81 "partially mooting the appeal of any issues between them."

[4]    They also filed a motion to strike, which was denied by the trial court as moot.

### 1. *Demurrer by Chase Bank*

Chase Bank demurred to the complaint in its entirety on the ground that there were no allegations of any conduct by Chase Bank, other than that Zhu worked for the bank and made some of his misrepresentations while at a branch location, which Chase argued were insufficient to render Chase liable. Chase also asserted that "most of" the counts were barred by the applicable statutes of limitations.

### 2. *Demurrer by Zhu, Wong, Zhang, and LA Fruity*

Zhu, Wong, Zhang, and LA Fruity demurred to (1) counts 1 through 16 and 19 and 20, on the ground that they were barred by the applicable statutes of limitations; (2) counts 25 through 27, on the ground that plaintiff failed to plead whether the agreements were written, oral, or implied; (3) counts 2, 5, 7, 9, 11, 13, 15, 17, 18, and 23 for fraud, on the ground that they were improperly disguised contract claims; and (4) counts 4, 16, 17, and 18, on the ground that they were uncertain.

Wong and Zhang also specifically demurred to the complaint in its entirety on the ground that there were no allegations of any conduct by them, other than the allegation that they are "managing agents" of Zhu's companies and that Zhang told plaintiff in June 2021 "she was pregnant and she had put a lot of effort into LA Fruity," which Wong and Zhang argued were insufficient to render them liable to plaintiff.

### 3. *Ruling*

Following further briefing and a hearing, the trial court issued an unsigned minute order on January 30, 2025, ruling on the demurrers.

As for Chase, Wong, and Zhang, the court sustained the demurrers to the operative complaint in its entirety without leave

7

to amend because the facts alleged in the complaint "do not give rise to claims for breach of contract, money had and received or fraud against" any of those specific defendants.

As for Zhu and LA Fruity, the court sustained the demurrer without leave to amend, but did not identify every count demurred to. As to counts 1, 3, 4, 6, 8, 10, 12, 14, 19, 20, each of which was for breach of contract or money had and received, the court found them barred by the applicable four-year limitations period for written contracts. As to counts 2, 5, 7, 9, 11, 13, and 15, each of which was for fraud, the court found them barred by the applicable three-year limitations period. The court found plaintiff's allegation that he "did not discover the facts constituting the fraud or mistake until after June 2021" insufficient to toll the limitations period because, without any alleged "facts supporting this assertion," the bare allegation was "insufficient to overcome the statute of limitations issue on the face of the pleadings."

> 4. *Portion of plaintiff's complaint that survived demurrer ruling*

Although the trial court's demurrer ruling addressed several of plaintiff's 27 counts and entirely eliminated three defendants from the action (namely, Chase, Wong and Zhang), the court's ruling did not dispose of *every* count against *every* defendant. Specifically, the court's ruling left intact the following counts against the following defendants:

--- All counts against defendants Guo, Hanh Phuong Giang, Yash Dave, Sam Management LLC, Wharf Fun, Inc., Green Planets Express, Ice Castle Inc., and Casa Cannabis Inc., as none of those defendants demurred to the complaint.

--- Counts 16 through 18 and 21 through 27 against Zhu and LA Fruity. Zhu and LA Fruity did not demur to counts 21, 22, and 24. And while they did demur to counts 16, 17, 18, 23, 25, 26, 27, the court's ruling did not sustain the demurrer to those counts.

## III. Voluntary Dismissal With Prejudice

The trial court did not subsequently enter any signed order of dismissal or any judgment.

Even though the demurrer order left intact many counts against many of the various defendants, plaintiff on February 28, 2025, filed a request for voluntary dismissal with prejudice of the *entire* action against *all* defendants in the operative complaint. Plaintiff indicated that the "purpose" of requesting dismissal was "to seek appellate review of the" demurrer ruling.

A deputy clerk of the court entered the dismissal of the action on March 5, 2025.

## IV. Appeal

Plaintiff filed a notice of appeal, specifically identifying the "judgment(s)" appealed from as the "Request for Dismissal" filed February 28, 2025, entered March 5, 2025."

## DISCUSSION

Plaintiff's appeal must be dismissed because we lack jurisdiction to entertain it.[5]

The existence of an appealable judgment is a jurisdictional prerequisite to an appeal. (*Jennings v. Marralle* (1994) 8 Cal.4th

---

[5] Plaintiff also appears to attack the trial court's earlier demurrer rulings as to the first and second amended complaints, but those rulings granted plaintiff leave to amend and therefore had no impact on plaintiff's claims.

9

121, 126.)  The right to appeal is wholly statutory.  (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5; see Code Civ. Proc., § 904.1.)  An unsigned minute order sustaining a demurrer without leave to amend is not, by statute, an appealable order.  (*Hamilton v. Green* (2023) 98 Cal.App.5th 417, 422-423; *Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1695.)  Only a subsequently entered judgment or order of dismissal is appealable.  (*Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028, 1032, fn. 1.)  Because the January 30, 2025 minute order sustaining the demurrer as to all counts against Chase, Wong, and Zhang and some of the counts against Zhu and LA Fruity is unsigned, it is not an appealable order.

Plaintiff maintains that this otherwise fatal deficiency is cured by his subsequent voluntary dismissal of his *entire* action with prejudice.  To be sure, some courts have held that, when a trial court's order disposes of less than all claims (either because the order disposes of a subset of claims against one party or disposes of all claims against a subset of the parties), a party seeking to appeal that adverse order may voluntarily dismiss its still-pending claims and then appeal that dismissal, thereby creating an appealable order.  (Compare *Ashland Chemical Co. v. Provence* (1982) 129 Cal.App.3d 790, 792-793 [finding appealable order]; *Austin v. Valverde* (2012) 211 Cal.App.4th 546, 550-552 [same]; *Stewart v. Colonial Western Agency, Inc.* (2001) 87 Cal.App.4th 1006, 1012 [same]; *Sisemore v. Master Financial, Inc.* (2007) 151 Cal.App.4th 1386, 1396 [same]; *Goldbaum v. Regents of University of California* (2011) 191 Cal.App.4th 703, 708 [same]; *Flowers v. Prasad* (2015) 238 Cal.App.4th 930, 936; with *Yancey v. Fink* (1991) 226 Cal.App.3d 1334, 1342-1343

[finding no appealable order]; *Chavez Reyes v. Hi-Grade Materials Co.* (2025) 110 Cal.App.5th 1089, 1099-1100 [same]; *Maniago v. Desert Cardiology Consultants' Medical Group, Inc.* (2025) 109 Cal.App.5th 621, 628, 630-631 [same], review granted May 28, 2025, S290188; see also, *Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1105-1106 [approving of this practice when dismissing only the subset of unresolved claims].) Our Supreme Court is in the midst of deciding whether this is a proper mechanism for obtaining appellate review. (*Maniago*, *supra*.)

In the meantime, we firmly side with *Maniago*. Plaintiff's voluntary dismissal of his entire action does not turn the unsigned minute order sustaining a demurrer as to only certain parties and certain claims into an appealable judgment; if it did, any order could be made appealable by the simple expedient of voluntarily dismissing the whole case, which would utterly obliterate the one final judgment rule and make every order subject to an immediate appeal, a result that would have cases ping-ponging between the trial and appellate courts repeatedly in a single case. (Accord, *Maniago*, *supra*, 109 Cal.App.5th at pp. 629-630 [expressing concern with a rule that empowered "a plaintiff who is dissatisfied with any interlocutory order [to] always obtain immediate appellate review just by folding up their tent, voluntarily dismissing their entire case with prejudice, and filing an appeal from the clerk's entry of the voluntary dismissal"].)[6]

---

[6] This is also not a case where the trial court has *refused* to enter a signed minute order, thereby leaving a party with no choice but to voluntarily dismiss in order to obtain appellate review. (See *Gutkin v. University of Southern California* (2002) 101 Cal.App.4th 967, 974.)

**DISPOSITION**

The appeal is dismissed.  Defendants Chase Bank, Zhu, Wong, Zhang, and LA Fruity are entitled to their costs on appeal. <u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P. J.
HOFFSTADT


We concur:


_____, J.
MOOR


_____, J.
KIM (D.)


12