Filed 1/25/16; pub. order 2/9/16 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| NINA AUSTIN, | B258406 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC477411) |
| v. | |
| LOS ANGELES UNIFIED SCHOOL DISTRICT et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Los Angeles Superior Court of Los Angeles County, Yvette M. Palazuelos, Judge.  Reversed and remanded.

Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, David H. Chao and Thomas R. Freeman, for Plaintiff and Appellant.

David V. Greco, Assistant General Counsel, Los Angeles Unified School District Office of General Counsel, for Defendants and Respondents.

————————————

Nina Austin appeals from the denial of her postjudgment motion for relief after the trial court granted the unopposed motion for summary judgment filed by the Los Angeles Unified School District and two of its employees in Austin's lawsuit alleging wrongful discharge in violation of California's whistleblower statute (Lab. Code, § 1102.5); discrimination based on race, gender and age in violation of California's Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.); and unlawful harassment in violation of FEHA. Austin contends the court erred when it denied her motion under Code of Civil Procedure section 473, subdivision (b) (section 473(b)), because it had not been signed under penalty of perjury and, as a result, failed to exercise its discretion to decide whether the judgment and order granting summary judgment should be set aside. We reverse and remand for the trial court to consider on its merits Austin's motion to vacate the judgment and the order granting summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Austin's Complaints for Unlawful Discharge and FEHA Violations*

Austin, represented by counsel, filed her initial complaint on January 20, 2012 alleging violations of the whistleblower statute, unlawful discrimination and two tort causes of action. In addition to the District, she named as defendants Danford Schar, principal at Ernest Lawrence Middle School in Chatsworth where Austin had been employed as a campus aide, responsible for helping to maintain student discipline and compliance with campus rules; James Ramirez, dean of students at the school; and Junior Sandoval, a school safety officer. A first amended complaint was filed in April 2012. The District successfully demurred to the tort causes of action. The operative second amended complaint was filed on July 9, 2012, naming only the District, Ramirez and Sandoval. None of the complaints was verified.

The second amended complaint averred, as preliminary allegations, that Sandoval and Ramirez had harassed Austin for approximately five years based on her gender, race (African-American) and age (65 or 66 years old in 2011), addressing her as "old lady," often in the context of urging her to retire, playing tricks such as hiding her keys, refusing

2

to respond to walkie-talkie communications and otherwise ignoring her. According to the pleading, in May 2011 Ramirez attempted an unlawful sting operation directed at Austin by asking a student to violate campus rules (walking the halls without a pass) in the expectation Austin would take no action and the failure to act could serve as a ground for her termination. However, the student told Austin what she had been asked to do. Austin reported the episode to Schar. Sandoval learned of the report and retaliated by claiming Austin had threatened him during an angry encounter on May 20, 2011. (The pleading describes Sandoval as in his 20's and weighing close to 250 pounds; Austin as slightly built and weighing 106 pounds.) Austin was arrested, but the charges were promptly dismissed. Schar stated he had investigated the matter and asserted other teachers had supported Sandoval's allegations. As a result, Austin was suspended and then her employment was terminated. Austin alleged Schar did not investigate and did not know of any independent witnesses that supported Sandoval's version of events.

Each of the three causes of action in the second amended complaint incorporated the preliminary allegations by reference. In her first cause of action for violating the whistleblower statute against the District only, Austin alleged she reasonably believed Ramirez had engaged in an unlawful activity (because he had involved a minor student without authorization from the principal or the consent of her parents) when she reported the sting operation to Schar and her discharge was in retaliation for that protected act. In her second cause of action for unlawful discrimination, also against the District only, Austin asserted the District had responded to her reports of harassment by Sandoval and Ramirez and the unlawful sting operation by terminating her without a proper investigation of the May 20, 2011 incident. Her third cause of action for unlawful harassment against Sandoval and Ramirez alleged the conduct described constituted harassment on the basis of race, gender and age in violation of FEHA.

The case management statement filed in early May 2012 by Austin's counsel requested a jury trial, estimated trial would require five days and confirmed the case would be ready for trial within 12 months of the filing of the complaint. The District's

3

counsel estimated a three-to-five-day jury trial and noted that, in addition to the demurrer to the first amended complaint that was then pending, the District and individual defendants intended to move for summary judgment.

A second case management statement filed by Austin's counsel on September 11, 2012 indicated written discovery and depositions of key witnesses would be completed within six months. In the category for discovery issues, counsel stated, "The parties were to complete two depositions and return to mediation. However, one of the witnesses that needs to be deposed no longer works for LAUSD and is not cooperating in scheduling his deposition. Plaintiff has had to serve a written interrogatory to get his last known address for the purpose of serving a subpoena."

On September 25, 2012 the court set a trial date of July 15, 2013.

2. *Limited Discovery and Withdrawal of Austin's Counsel*

On October 31, 2012 Austin's lawyer moved to be relieved as her counsel, citing as the ground disagreement over the future handling of the case. (Austin subsequently advised the court the lawyer had withdrawn because Austin would not accept what she considered to be an inadequate settlement offer.) Hearing on the motion was scheduled for February 1, 2013, and the motion was granted on that date.

It appears that, prior to withdrawing, Austin's counsel did not depose Schar, Ramirez or Sandoval and conducted, at most, only limited written discovery. He did depose two individuals who the District claimed supported Sandoval's version of Austin's threat, which had served as the ground for her termination. As reflected in materials filed in connection with Austin's motion for postjudgment relief, one of those witnesses testified he had heard Austin say to Sandoval, "I will fuck you up," but only once, not repeatedly as Sandoval had claimed, and the statement was in response to harassment by Sandoval. According to this witness, Sandoval had locked the school gate so Austin could not enter the school grounds. When Austin asked why Sandoval had done that, Sandoval replied, "What are you going to do about it, Nina?" The witness explained Austin's vulgar comment was made in response to that taunt. The second

4

witness testified he had not heard any of the conversation between Sandoval and Austin and reported that fact to Schar.

3. *The Motion for Summary Judgment*

On March 1, 2013 the District and the individual defendants (hereafter collectively the District) moved for summary judgment or, alternatively, summary adjudication. The District argued Austin had not engaged in protected activity and therefore could not establish a prima facie case of retaliation in violation of Labor Code section 1102.5 and, in addition, her dismissal was based on legitimate, nonretaliatory reasons and she had presented no evidence of pretext. With respect to her claim for unlawful discrimination, the District repeated its position Austin's dismissal was based on legitimate reasons and there was no evidence of pretext. Finally, as to the claim for unlawful harassment the District argued the conduct alleged was neither severe nor pervasive. The motion was supported by declarations from Schar,[1] Sandoval, Ramirez and the principal at Lawrence Middle School prior to Schar; excerpts from Austin's deposition and her responses to special interrogatories; and several exhibits including copies of Schar's May 26, 2011 letter to Austin informing her he was considering issuing a notice of unsatisfactory service with a recommendation for dismissal from her employment[2] and the notice of

---

[1] In his declaration Schar said, after Austin had complained about Ramirez using a student in an attempt to catch her not doing her job, he discussed the issue with Ramirez. Ramirez said he had received complaints about the campus aides not doing their job. He decided to test them by sending his student assistant out during instructional class time without a pass to see if the campus aides would stop the student to check for the required documentation. Ramirez described this as a general quality control program, not one targeting Austin, and assured Schar he was only using students who were assigned as teacher assistants during the time they were out of class. Schar directed Ramirez to stop using students in this manner. Schar also testified he followed up with Austin, informing her both that she was not the only campus aide being monitored or tested and that Ramirez had been instructed to stop the program.

[2] In his letter of May 26, 2011 Schar stated his recommendation was based on "the incident of May 20, 2011 when you were arrested for allegedly threatening the School Safety Officer saying 'I'm going to f--- you up. I am tired of you, and I am gonna deal with you.' This was repeated and additional inappropriate expletives were used. You

unsatisfactory service provided to Austin. Hearing on the motion was scheduled for May 15, 2013.

On May 2, 2013 Austin, representing herself, filed a document entitled "request for leave to amend in opposition to motion for summary judgment," noting on the caption page the May 15, 2013 hearing date set for the District's motion. Austin asserted her lawyer had abandoned her "for no other reason than that Plaintiff would not accept an inferior offer," which she contended was the result in large part of her counsel's failure to include additional causes of action (alleged violations of various civil rights statutes) in her complaint against the District. She invoked the principle that leave to amend should be granted with liberality, cited the relation-back doctrine and requested 30 days to file a third amended complaint adding those causes of action as well as several new tort claims. The filing made no attempt to identify any material issues of fact that would defeat the District's summary judgment motion.

The District filed a reply, arguing its motion was unopposed, it had met its initial burden on summary judgment and, therefore, the motion should be granted. The District also argued Austin had failed to explain the extended delay in requesting leave to file a third amended complaint, her request was procedurally defective and it would unduly prejudice the District to permit her to assert new legal theories at this point in the litigation.

On May 15, 2013, at a hearing at which Austin and counsel for the District appeared, the court granted the District's motion for summary judgment, explaining its reasoning in a 15-page order (originally prepared as its tentative ruling), and ordered judgment entered in favor the all three defendants. The court also denied Austin's request for leave to amend, noting the procedural irregularities in her filing (no proposed amended complaint was attached) and observing, "as the other claims fail, it is likely the other claims fail as well." The District served a notice of ruling immediately following

also 'smashed your radio on the golf cart' that the officer was driving. This incident was observed and documented by other staff members."

6

the hearing.  The judgment was signed by the court on May 23, 2013 and filed the same day.

    4. *Austin's Efforts To Vacate the Judgment*

On May 31, 2013, still representing herself, Austin filed a two-page "motion for reconsideration for the court ruling on May 15, 2013 in favor of defendants."  In this request for relief from the order granting summary judgment, Austin asserted there was "newly discovered evidence that was intentionally withheld by the defendants['] legal representation" and her prior counsel had "abandoned her even though he knew of her mental state; memory loss due to old age and overwhelmed from mental anguish due to this case at hand."  In part, Austin noted that her attorney had not taken Schar's deposition and asserted that both the District and her lawyer were aware of information bearing on the merits of her case that had not been disclosed to her.  She concluded by promising to submit "a supplemental brief that will have documentation to support the facts at hand" and stated she would retain new counsel in the near future.  The court apparently set an October 10, 2013 hearing date to consider the motion.

The District opposed the motion, arguing it was untimely because it was filed more than 10 days after service of notice of entry of the order granting summary judgment and it was improper because filed after final judgment had been entered.  The District also argued Austin had not provided any new facts or legal theories that were not available to her at the time the summary judgment motion was heard.

On October 9, 2013 Austin filed a reply brief that included copies of letters written by teachers at Lawrence corroborating Austin's complaint of harassment by Ramirez and Sandoval and a newspaper article discussing the $1 million settlement of a lawsuit by a San Fernando Valley student and his family following the student's recruitment as a decoy drug buyer by a dean at another District middle school.  None of this material was presented in the form of admissible evidence.[3]  However, Austin also included her own

---

[3]     Austin incorrectly captioned her document as an opposition to defendants' motion.

7

handwritten declaration, signed under penalty of perjury, describing the incident in which she had allegedly threatened to attack Sandoval. According to Austin, although she used crude language, she threatened to report Sandoval to the school's principal, not to assault him: After she asked Sandoval why he would not open the school gate and he responded, "What [are] you going to do about [it,] Nina," she said, "I'm tire[d] of you fucking with me. I'm going straight to Mr. Schar." She also denied she had hit the golf cart in which Sandoval was riding.

Prior to the hearing on October 10, 2013 the court issued a tentative ruling denying Austin's motion. That tentative order, which, although never finalized, was subsequently submitted by the District in connection with its opposition to Austin's renewed request for relief,[4] indicated the court was inclined to rule it was without jurisdiction to consider the motion for reconsideration under Code of Civil Procedure section 1008 because it had been filed after final judgment was entered and was, in addition, not filed within 10 days of the order granting summary judgment. The tentative ruling also stated, "Finally, to the extent Plaintiff's arguments in the motion regarding her attorney abandoning her may constitute a request for relief under CCP § 473(b), her claims may not be considered because the motion is not signed under penalty of perjury."

According to the District,[5] at the hearing Austin asked the court to provide her with another opportunity to make her case because she lacked representation. The court took the motion for reconsideration under submission and on October 17, 2013 issued a minute order in which it "stay[ed] entry of its final ruling (which was tentatively to deny the motion) so that Plaintiff may retain counsel to assist her in connection with her motion and this case as she stated she intended to do." The court gave Austin 60 days to retain counsel. A new attorney substituted in as counsel for Austin on December 13,

---

[4] The District requested the court take judicial notice of the tentative ruling. The court granted the request.

[5] The record on appeal does not include a reporter's transcript for any of the hearings in the case.

8

2013; and on that date the court set a new hearing on the motion for reconsideration for April 18, 2014 with the admonition, "All briefing shall be per code." That hearing date was continued several times at the request of Austin's counsel.

On July 17, 2014 Austin through her new attorney filed a "motion for reconsideration of judgment filed in this case on May 23, 2013." The filing reiterated the various arguments Austin had previously made regarding her self-represented status while the District's motion was pending and decided and included a summary of the evidence she could present demonstrating triable issues of material fact on her claims for unlawful discharge, discrimination and harassment.

In its opposition the District once again argued Austin's motion for reconsideration was untimely because it was filed after the final judgment had been entered and more than 10 days after the order granting summary judgment had been issued. The District also argued the motion was not based on new or different facts, circumstances of law as required under Code of Civil Procedure section 1008.

The District also argued Austin was not entitled to relief under section 473(b). First, citing section 473(b)'s six-month time limit, the District noted the July 17, 2014 motion had been filed more one year after the judgment was entered. Next, without directly misstating governing law, the District referred the court to its October 9, 2013 tentative ruling and reminded the court it had previously indicated Austin's May 31, 2013 motion could not provide a basis for relief under section 473(b) because it had not been signed under penalty of perjury. Finally, the District asserted in a single sentence, "Even assuming that Plaintiff's Motion is timely for purposes of Section 473(b) relief, Plaintiff's Motion fails to provide an excusable reason to justify relief."

Austin filed a reply brief that for the first time expressly relied upon section 473(b) and urged the court to hear and resolve her case on the merits. She argued her initial postjudgment filings were well within six months of the order granting summary judgment and the judgment itself and should be considered as her request for relief under section 473(b). She argued the combination of her own inexperience and lack of

9

education together with her original counsel's failure to conduct discovery and his withdrawal at a critical phase of the litigation should be considered mistake, inadvertence and excusable neglect sufficient to justify relief.

The court denied Austin's motion for relief on August 13, 2014.  The court ruled section 473(b) relief could not be based on Austin's July 17, 2014 motion because the statute expressly requires an application for relief must be made no more than six months after entry of judgment.  With respect to Austin's original May 31, 2013 motion, the court ruled, "Although this motion would have been within the six month period . . . , Plaintiff cannot receive relief here due to her failure to sign her motion under penalty of perjury."  The motion for reconsideration under Code of Civil Procedure section 1008 was denied on each of the grounds asserted in the District's opposition memorandum.

## CONTENTIONS

Austin contends the trial court erred in ruling a section 473(b) motion must be signed under penalty of perjury and, based solely on that faulty premise, failing to consider the merits of her motion and to exercise its discretion to vacate the judgment in favor of the District "upon any terms as may be just."[6]  Alternatively, Austin argues the court should have exercised its inherent equitable power to grant relief from the order granting summary judgment and the resulting judgment.

## DISCUSSION

1.  *Section 473(b) and the Standard of Review*

The trial court has discretion under section 473(b) on a showing of mistake, inadvertence, surprise or excusable neglect to grant relief from a judgment, dismissal or

---

[6]     An order denying relief from a judgment under section 473(b) is a separately appealable postjudgment order under Code of Civil Procedure section 904.1, subdivision (a)(2).  (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1265-1266; *Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394.)  An order denying a motion for reconsideration pursuant to Code of Civil Procedure section 1008, subdivision (a), is not (Code Civ. Proc., § 1008, subd. (g)); and Austin does not challenge that aspect of the trial court's ruling.

10

other order based on its evaluation of the nature of the mistake or error alleged and the justification proffered for the conduct that occurred.[7]  "The general underlying purpose of section 473(b) is to promote the determination of actions on their merits."  (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838; accord, *Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 255-256 ["'It is well settled that appellate courts have always been and are favorably disposed toward such action upon the part of the trial courts as will permit, rather than prevent, the adjudication of legal controversies upon their merits.'  [Citation.]  Thus, 'the provisions of section 473 of the Code of Civil Procedure are to be liberally construed and sound policy favors the determination of actions on their merits.'"].)

A party seeking relief under section 473(b) must file the motion within a reasonable time but not longer than six months after the judgment or dismissal has been entered.  This six-month time limitation is jurisdictional; the court has no power to grant relief under section 473 once the time has lapsed.  (*Arambula v. Union Carbide Corp.* (2005) 128 Cal.App.4th 333, 345; see *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980; *Weitz v. Yankosky* (1966) 63 Cal.2d 849, 855.)  In addition, the moving party bears the burden of establishing a right to relief.  (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410; see *Schwab v. Southern California Gas Co.* (2004) 114 Cal.App.4th 1308, 1319 [moving party bears burden under § 473(b)]; see also *In re Marriage of Kieturakis* (2006) 138 Cal.App.4th 56, 88.)  Within the context of section 473(b) neglect is excusable if a reasonably prudent person under similar

---

[7]     Section 473(b) provides in part, "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect.  Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken. . . .  *No affidavit or declaration of merits shall be required of the moving party. . . .*"  (Italics added.)

11

circumstances might have made the same error.  (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1419; *Solv-All v. Superior Court* (2005) 131 Cal.App.4th 1003, 1007; see *Comunidad en Accion v. Los Angeles City Council* (2013) 219 Cal.App.4th 1116, 1132 ["[t]he test for discretionary relief under Code of Civil Procedure section 473 requires the party seeking relief to show excusable error"].)

A motion to vacate under section 473(b) ""'"is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse . . . the exercise of that discretion will not be disturbed on appeal."' [Citations.]  The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason." (*Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1249; accord, *Anastos v. Lee* (2004) 118 Cal.App.4th 1314, 1318-1319.)  However, "[b]ecause the law favors disposing of cases on their merits, 'any doubts in applying section 473 must be resolved in favor of the party seeking relief from default [citations].  Therefore, a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits.'" (*Rappleyea v. Campbell, supra*, 8 Cal.4th at p. 980.)  Moreover, "failure to exercise discretion is 'itself an abuse of discretion.'" (*Ashburn v. AIG Financial Advisors, Inc.* (2015) 234 Cal.App.4th 79, 97; accord, *Austin v. Valverde* (2012) 211 Cal.App.4th 546, 550.)

2. *The Trial Court Improperly Denied Austin's May 31, 2013 Request for Relief from Judgment on the Ground a Section 473(b) Motion Must Be Signed Under Penalty of Perjury*

a. *The trial court had discretion to treat the May 31, 2013 motion as a request for relief under section 473(b)*

As discussed, in denying Austin's "motion for reconsideration," the trial court expressly considered whether she was entitled to relief under section 473(b) and concluded she was not because (a) the May 31, 2013 motion filed while she was self-represented was not signed under penalty of perjury, as the court believed was required, and (b) the July 17, 2014 motion filed by her counsel was untimely.  The District's argument the court did not construe Austin's May 31, 2013 motion as one arguably seeking relief under section 473(b) is a disturbing distortion of the record.

12

The trial court acted well within its authority in considering Austin's May 31, 2013 motion as a motion from relief under section 473(b). (See *Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 193 [upholding authority of trial court to construe a motion for reconsideration as a motion for a new trial; "a trial court is 'free to consider the motion regardless of its label'"].) "The proposition that a trial court may construe a motion bearing one label as a different type of motion is one that has existed for many decades. 'The nature of a motion is determined by the nature of the relief sought, not by the label attached to it. The law is not a mere game of words.' [Citation.] Neither the Legislature, nor the California Supreme Court, nor any Court of Appeal has ever challenged that notion. . . . The principle that a trial court may consider a motion regardless of the label placed on it by a party is consistent with the court's inherent authority to manage and control its docket." (*Ibid.*; see *Shapiro v. Prudential Property & Casualty Co.* (1997) 52 Cal.App.4th 722, 727 [trial court acted within its discretion in treating motion to vacate as motion for new trial on damages; "when a party brings a timely posttrial motion, the trial court has broad discretion to determine the relief being requested"].)

The requirement a moving party specify the grounds for his or her motion, as set forth in Code of Civil Procedure section 1010, is intended to provide both the adverse party and the court with an adequate opportunity to address the issues presented. (See, e.g., *Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1125.) Here, all of Austin's filings, starting with the initial May 31, 2013 motion submitted while she was self-represented and continuing through her counsel's final reply memorandum prior to the August 13, 2014 hearing, made clear she was not simply asking the court to reconsider its prior ruling but rather to set aside the judgment and the order granting the District's summary judgment motion so she could have a fair opportunity to submit opposition papers demonstrating the existence of triable issues of fact and the potential merit of her claims. Although in its opposition papers the District prudently noted the procedural defects in the motion if it were to be considered one for reconsideration under Code of

13

Civil Procedure section 1008, it was clearly on notice as to the nature of the relief Austin was requesting. Indeed, before the motion was finally decided, the District advanced both procedural and substantive arguments in opposition to the court granting relief under section 473(b)—arguments that plainly belie its position on appeal that the issue was never properly before the trial court.

b. *Section 473(b) imposes no penalty-of-perjury requirement*

As explained in *Uriarte v. United States Pipe & Foundry Co*. (1996) 51 Cal.App.4th 780, 787-789, before 1981 a party seeking relief under what is now section 473(b) had to submit either an affidavit of merits or a verified pleading. However, in 1981 the Legislature amended the statute to specifically provide no affidavit or declaration of merits need be submitted; that language expressly eliminating any such requirement remains in the statute today. (See *Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1144 ["[I]n 1981, after decades of criticism, the Legislature abrogated any such requirement by explicitly declaring, "No affidavit or declaration of merits shall be required by the moving party.' (§ 473(b); Stats. 1981, ch. 122, § 2, p. 862.)"].)

In light of the express statutory language that no affidavit or declaration of merits is required, the court's refusal to consider the merits of Austin's motion under section 473(b) because it was not signed under penalty of perjury was plain error. The District does not contend otherwise.[8] Nonetheless, the District argues the court's error was harmless because under section 473(b) the moving party is required to prove relief is warranted (that is, that there was some mistake or excusable neglect that justifies vacating the judgment or order at issue) and that proof is typically presented by way of declaration

---

[8] As discussed, the District did not argue in the trial court that a section 473(b) motion must be signed under penalty of perjury, but it actively encouraged the trial court to finalize its mistaken tentative ruling on this point. On appeal the District now grudgingly concedes section 473(b) "does not explicitly require that a motion be signed under penalty of perjury or that an 'affidavit or declaration of merits,' is required"—a rather peculiar description of statutory language that actually states no such document is required.

under penalty of perjury from the moving party. Austin's papers, the District contends, "are void of any competent evidence."

The trial court, however, did not evaluate Austin's evidence, which, as discussed, eventually included her declaration describing the May 20, 2011 incident, her exemplary performance as a campus aide and her numerous reports to Schar of harassment by Ramirez and Sandoval. Her declaration also provided some authentication and foundation for letters she had attached from teachers and other staff at Lawrence Middle School that were supportive of Austin's position. In addition, Austin's filings made at least a prima facie case for excusable neglect or mistake based on the withdrawal of her counsel shortly before the District's summary judgment motion was filed—a fact that was a matter of record in the trial court—and counsel's failure to conduct more than minimal discovery prior to his withdrawal, a circumstance confirmed by the case management statements filed in the case and not disputed by the District.[9] (See *Mink v. Superior Court* (1992) 2 Cal.App.4th 1338, 1343 ["[w]hen the moving party promptly seeks relief [under section 473(b)] and there is no prejudice to the opposing party, very slight evidence is required to justify relief"]; see also *Las Vegas Land & Development Co., LLC v. Wilkie Way, LLC* (2013) 219 Cal.App.4th 1086, 1092 [recognizing propriety of a motion for discretionary relief under section 473(b) "in the case of an attorney's abandonment of a client" without filing an opposition to a motion for summary judgment].)

On this record it would not have been an abuse of discretion for the trial court to grant relief under section 473(b) and to vacate the judgment and the order granting summary judgment in order to permit Austin to file a proper opposition. The court's failure to consider the merits of Austin's request for relief under these circumstances was

---

[9] Although Austin's filings other than her own October 9, 2013 declaration were not signed under penalty of perjury, pursuant to Code of Civil Procedure section 128.7, subdivision (b)(3), by signing the papers Austin certified to the best of her knowledge and belief her factual contentions had evidentiary support or were likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

15

a prejudicial abuse of discretion. (See *Ashburn v. AIG Financial Advisors, Inc., supra,* 234 Cal.App.4th at p. 97; see also *People v. Brown* (1986) 177 Cal.App.3d 537, 553 [in cases where error is predicated on a claim the court improperly failed to exercises its discretion, "the usual harmless error test cannot be applied because it is impossible to determine what the actual result of the exercise of discretion would have been"].) Accordingly, we remand the matter to the trial court to exercise its discretion, using the appropriate standard favoring the determination of actions on their merits (see *Maynard v. Brandon* (2005) 36 Cal.4th 364, 371), either to grant or to deny the motion.[10]

      c. *Austin's motion substantially complied with the requirements for a section 473(b) request for relief*

Section 473(b) provides an application for relief "shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted . . . ." Quoting that language the District contends Austin's motion was procedurally defective and properly denied without evaluating whether it otherwise had merit because Austin did not submit her proposed opposition to the summary judgment motion either with her original May 31, 2013 postjudgment request for relief or at any other time prior to the final hearing on the motion in August 2014.[11]

"The plain object of the provision [requiring a copy of the answer or other pleading] was simply to require the delinquent party seeking leave to contest on the

---

[10]     We decline Austin's invitation to find she has established excusable neglect or mistake and to order the trial court to grant relief under section 473(b). The decision whether to grant relief and, if so, whether to impose reasonable conditions is appropriately made by the trial court in the first instance.

[11]     The District, which did not assert this ground for denying Austin's motion in the trial court, cites *Russell v. Trans Pacific Group* (1993) 19 Cal.App.4th 1717 for the proposition "[c]ourts will not consider a 473(b) motion on the merits if the moving party fails to file or attach any responsive pleading." In fact, the *Russell* court did not hold the moving party's failure to comply with the attached-pleading requirement barred consideration of its motion under section 473(b); rather it was one of several factors the appellate court evaluated in concluding the trial court had not abused its discretion in denying relief. (*Russell*, at p. 1731.)

merits, to show his good faith and readiness to at once file his answer in the event leave is granted by producing a copy of the proposed answer for the inspection of his adversary and the court." (*County of Los Angeles v. Lewis* (1918) 179 Cal. 398, 400.) Because that is the limited purpose for the attached-pleading requirement, "courts have held substantial compliance to be sufficient." (*Carmel, Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, 402; see *County of Stanislaus v. Johnson* (1996) 43 Cal.App.4th 832, 838 ["objectives of the 'accompanied by' requirement, i.e., a screening determination that the relief is not sought simply to delay the proceedings, are satisfied by the filing of a proposed answer any time before the hearing"]; *Job v. Farrington* (1989) 209 Cal.App.3d 338, 341 [substantial compliance even though proposed answer filed prior to court hearing date but more than six months after default entered].)

Although Austin failed to include with any of her papers a proposed memorandum in opposition to summary judgment,[12] in light of the public policy favoring determination of actions on their merits and the concomitant requirement that "'any doubts in applying section 473 must be resolved in favor of the party seeking relief from default'" (*Maynard v. Brandon, supra,* 36 Cal.4th at pp. 371-372), we conclude Austin substantially complied with the attached-pleading requirement. Had she attached an opposition memorandum, Austin would have proffered essentially the same factual contentions and legal arguments as she did in her various filings requesting relief from the judgment, including an application to continue the motion to obtain necessary discovery as contemplated by Code of Civil Procedure section 437c, subdivision (h). Accordingly, the objective of the

---

[12] "Pleading" as a defined term does not include the opposition to a motion for summary judgment. (See Code Civ. Proc., §§ 420 ["pleadings are formal allegations by the parties of their respective claims and defenses, for the judgment of the Court"], 422.10 ["pleadings allowed in civil actions are complaints, demurrers, answer and cross-complaints"].) Although there may be compelling reasons to conclude the Legislature did not intend such a narrow construction of the term in the context of a section 473(b) application for relief from a judgment following an order granting summary judgment, because we conclude Austin substantially complied with the attached-pleading requirement, we need not decide that question now.

17

attached-pleading requirement to determine "the relief sought is not simply to delay the proceedings" and the party is acting in good faith has been satisfied. (*County of Stanislaus v. Johnson*, *supra*, 43 Cal.App.4th at p. 838; see *Estate of Parks* (1962) 206 Cal.App.2d 623, 634 [no need to attach copy of proposed objection to report of inheritance tax appraiser when substance of objection contained in verified application and declaration].)

## DISPOSITION

The order denying Austin's postjudgment motion is reversed and the matter remanded to the trial court to consider on its merits Austin's motion to vacate the judgment and the order granting summary judgment. Austin is to recover her costs on appeal.


PERLUSS, P. J.

We concur:


ZELON, J.


SEGAL, J.

Filed 2/9/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| NINA AUSTIN, | B258406 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC477411) |
| v. | |
| LOS ANGELES UNIFIED SCHOOL DISTRICT et al., | ORDER CERTIFYING OPINION FOR PUBLICATION (NO CHANGE IN JUDGMENT) |
| Defendants and Respondents. | |

THE COURT:

The opinion in this case filed January 24, 2016 was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), appellant's request pursuant to California Rules of Court, rule 8.1120(a) for publication is granted.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion herein be published in the Official Reports.

_____

     PERLUSS, P. J.        ZELON, J.        SEGAL, J.

2