Filed 3/23/16  P. v. Tucker CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068460 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD240113) |
| RANDY D. TUCKER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Runston G. Maino, Judge.  Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Marvin E. Mizell and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

This is an appeal from the denial of a petition for resentencing of a burglary conviction under the provisions of Proposition 47, the Safe Neighborhoods and Schools

Act (Pen. Code,[1] § 1170.18).  In this case the trial court concluded that entering a commercial establishment, during regular business hours to commit theft by false pretenses could not qualify as shoplifting under the new shoplifting statute, section 459.5.  While we will disagree with the trial court's analysis of the relevant intent required for section 459.5, we will nonetheless affirm the order.  While the petitioner may have otherwise been eligible for resentencing under section 459.5, he did not meet his burden of proving the amount of the intended loss was $950 or less.  Indeed the record before us indicates there were four checks cashed and the total amount may well have exceeded $950.  In any event, it was the petitioner's burden to establish eligibility and he failed to do so.

FACTS AND PROCEDURAL BACKGROUND

In April 2013, Randy D. Tucker pleaded guilty to two counts of conspiracy to commit identity theft (§ 182, subd. (a)(1)), one count of commercial burglary (§ 459), and one count of obtaining personal identification information on 10 or more people with the intent to defraud (§ 530.5, subd. (c)(3)).  Tucker also admitted one strike prior (§ 667, subds. (b)-(i)) and three prison priors (§ 667.5, subd. (b)(5)).  The parties stipulated to a prison sentence of 13 years.

In January 2015, Tucker filed a petition to reduce his burglary conviction to shoplifting under section 459.5.[2]  The petition was denied in June 2015.

_____

[1]     All further statutory references are to the Penal Code unless otherwise specified.
[2]     Section 459.5 provides:  "(a)  Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that

2

The factual basis for the plea included Tucker's admission as to the burglary count that he entered a Dollar Smart Money Center with the intent to commit theft therein.

In the People's response to the petition to recall the sentence, the statement of facts presented to the court included the following:

> "On March 28, 2012 [appellant] entered Dollar Smart Money Center and cashed four checks. Two checks were from Starbucks, numbered 17352784 and 17352785. The other two were from San Diego Affiliated Research Institute, numbered 21024 and 21025. The amounts of each check varied, ranging from $380 to $840. Donna McMillen, a supervisor at Dollar Smart Money Center, was present on March 28, 2012 when [appellant] came in to cash the checks.

> "Later an investigator spoke to both check issuers and found that [appellant] did not have permission to have their checks. Consistent with this lack of permission, Ms. McMillen confirmed all four of the checks that [appellant] cashed at Dollar Smart Money Center on March 28, 2012 had been marked as returned."

Tucker did not offer any evidence as to the amount of the loss. His position in the trial court was that the burden of proof as to eligibility was on the prosecution.

DISCUSSION

There are two issues presented by this appeal, whether the entry into the store in this case to commit theft by false pretenses could qualify as shoplifting, and if it could,

---

establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor, except that a person with one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290 may be punished pursuant to subdivision (h) of Section 1170. [¶] (b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property."

3

did Tucker meet his burden of proof to establish the amount of the loss falls within section 459.5. We will discuss the issues separately. As a preface, however, we note Tucker was charged with burglary on the basis he entered the store with the intent to commit theft. His guilty plea also admitted his intent upon entry was to commit theft.

I

*SHOPLIFTING*

A. Legal Principles

Proposition 47 added section 1170.18, which allows "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47 had it] been in effect at the time of the offense" to "petition for a recall of sentence" and request resentencing. (§ 1170.18, subd. (a).) A person seeking resentencing under section 1170.18 must show he or she fits the criteria in subdivision (a). If the person satisfies the criteria the person shall have his or her sentence recalled and resentenced to a misdemeanor, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b); *T. W. v. Superior Court* (2015) 236 Cal.App.4th 646, 649, fn. 2.)

Relevant here, Proposition 47 also added a new crime of shoplifting, which is defined as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a).)

4

In interpreting section 459.5, Tucker urges we look to section 490a for guidance. Section 490a provides, "[w]herever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor."

Specifically, our issue requires us to find the correct interpretation of the term "larceny" as used in section 459.5. " 'In interpreting a voter initiative like [Proposition 47], we apply the same principles that govern statutory construction.' [Citation.] ' "The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]" ' [Citation.] In the case of a provision adopted by the voters, 'their intent governs.' [Citation.] [¶] 'In determining such intent, we begin with the language of the statute itself.' [Citation.] We look first to the words the voters used, giving them their usual and ordinary meaning. ' "If there is no ambiguity in the language of the statute, 'then . . . the plain meaning of the language governs." ' " [Citation.] "But when the statutory language is ambiguous, 'the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes.' " [Citation.] [¶] In construing a statute, we must also consider " 'the object to be achieved and the evil to be prevented by the legislation.' " [Citation.] 'When legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears.' " (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1099-1100.)

5

B. Analysis

The People contend Tucker did not commit shoplifting when he entered a Dollar Smart Money Center with the intent to commit theft by false pretenses because shoplifting requires an intent to commit larceny. Also, the People argue section 490a is inapplicable because it does not redefine larceny as any theft. We are not persuaded by these arguments. Historically, the term "larceny" as used similarly in the burglary statute has been interpreted to include all thefts, including theft by false pretenses. (*People v. Dingle* (1985) 174 Cal.App.3d 21, 30; *People v. Nguyen* (1995) 40 Cal.App.4th 28, 31; *People v. Parson* (2008) 44 Cal.4th 332, 354.) In January 2016, Division Eight of the Second District Court of Appeal found that an intent to commit theft by false pretenses satisfies the section 459.5 requirement of "intent to commit larceny" in *People v. Vargas* (2016) 243 Cal.App.4th 1416 (*Vargas*). *Vargas* found that "because voters adopted the phrase 'intent to commit larceny' in section 459.5, which mirrors the intent element in the general burglary statute (§459), and that phrase includes theft by false pretenses, we believe the voters intended section 459.5 to include theft by false pretenses." (*Vargas, supra,* at p. 1427.)

Since the briefing in this case was completed, the Third District Court of Appeal addressed the question of whether shoplifting under section 459.5 could only occur where the defendant entered the commercial establishment with the intent to commit common law larceny. (*People v. Triplett* (2016) 244 Cal.App.4th 924 (*Triplett*).) The court concluded that entry into a commercial establishment, during regular business hours, with the intent to commit "theft" in an amount less than $950 constitutes shoplifting under the

new statute. The court in *Triplett* rejected the People's argument that such crime could only be committed with an intent to commit larceny.

This court recently filed its opinion in *People v. Root* (2016) ___ Cal.App.4th ___ (2016 Cal.App. LEXIS 160) (*Root*), in which we agreed with both *Vargas, supra,* 243 Cal.App.4th 1416 and *Triplett, supra,* 244 Cal.App.4th 924. In *Root* we held that shoplifting could be committed by the requisite entry and amount of loss where the entry was with the intent to commit theft. We continue to believe our analysis in *Root* and that of the other courts discussed above are correct and we will follow such analysis here.

In *People v. Williams* (2013) 57 Cal.4th 776 (*Williams*), our high court discussed whether a man who committed theft by false pretenses and subsequently pushed a security guard in an attempt to flee could satisfy the "felonious taking" requirement of robbery. (*Id.* at pp. 779-780.) One element of robbery, which is not present in any other type of theft, is the "felonious taking" requirement. The defendant argued that the "felonious taking" requirement could only be satisfied by the crime of theft by larceny, and not theft by false pretenses. (*Id*. at p. 781.) The court, after analyzing the common law meanings of the different theft offenses, found that larceny is a necessary element of robbery. (*Id*. at pp. 786-787.) Thus, *Williams* held that theft by false pretenses could not support a robbery conviction, because only theft by larceny could fulfill the "felonious taking" requirement.

The analysis in *Williams, supra,* 57 Cal.4th 776 is distinguishable from our current issue of whether section 459.5 can be satisfied by theft by false pretenses. This is because the term "larceny" is not actually present in the statute defining robbery (§ 211).

7

As such, *Williams* looked at the common law meaning of larceny in order to reach the conclusion that larceny is a necessary element of robbery. Therefore, the court was not analyzing the statutory interpretation of the term "larceny," but was analyzing the common law meanings and relations of the different theft crimes.

Conversely, in *People v. Nguyen, supra,* 40 Cal.App.4th 28, we discussed whether a defendant could be convicted of burglary for entering the premises of another with the intent to commit theft by false pretenses. *Nguyen* held that the term "larceny" as used in the burglary statute included theft by false pretenses. In reaching our conclusion, we noted that section 490a shows "the Legislature has indicated a clear intent that the term 'larceny' as used in the burglary statute should be read to include all thefts, including 'petit' theft by false pretenses." (*Nguyen, supra,* at p. 31.) The *Nguyen* holding is more on point with the issue here, because, unlike *Williams, supra,* 57 Cal.4th 776, we analyzed the interpretation of the term "larceny" as used in a statute.

Additionally, the People argue, in enacting section 459.5, the voters intended to restrict its application to stealing goods or merchandise openly displayed in retail stores. The People assert that "shoplifting" has long and commonly been understood to encompass only the theft of openly displayed merchandise from commercial establishments. As such, the People contend the voters' reasonable belief was that the crime of "shoplifting" referred only to the common understanding of that crime. However, in viewing the plain text of the statute, we find nothing to support that contention. Had the voters intended for "shoplifting" to be confined to that limited meaning, that intention could have easily been expressed in the text of the statute.

8

Instead, the statute was worded substantially similar to the burglary statute (§ 459), which has been judicially interpreted to encompass all thefts. As previously noted, "[w]hen legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears." (*Rivera*, *supra*, 233 Cal.App.4th at p. 1100.) We find no indication that a distinction was intended to be made between sections 459 and 459.5 in regard to the interpretation of the term "larceny."

Our interpretation is consistent with the voters' overall intent in passing Proposition 47. Proposition 47 was intended to "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, subd. (3), p. 70.) Petty theft by false pretenses is precisely the type of nonserious, nonviolent crime Proposition 47 was aimed towards affecting. For example, Proposition 47 also made the crimes of forgery and drafting checks without sufficient funds of less than $950 misdemeanors. (§ 473, subd. (b); § 476a.) Moreover, theft by false pretenses is less likely to involve violence than a situation where a person has the intention to steal openly displayed merchandise from a store. To provide misdemeanors for that type of theft, but not for theft by false pretenses, would contradict the voters' general intent of requiring misdemeanors for nonserious, nonviolent theft crimes.

9

In considering section 490a, we find that it requires us to have the word "larceny" read as "theft" in section 459.5. As such, the "intention to commit larceny" requirement of section 459.5 can be satisfied by the broader sense of an intent to commit theft. Thus, an intent to commit theft by false pretenses would satisfy that element. Not only is this consistent with prior case law regarding the interpretation of the term "larceny" as used in section 459, but it is also consistent with the voters' intent in passing Proposition 47. Lastly, interpreting the term "larceny" differently in section 459.5 than we would in section 459 would cause the interpretations of the two related statutes to be inconsistent and would ignore the mandate of section 490a.

II

*BURDEN OF PROOF*

A. Legal Principles

In the trial court Tucker took the position the burden of proof should be on the prosecution to show a petitioner's ineligibility for relief under section 1170.18. Since the trial court proceedings case law has concluded the burden is at least initially on the petitioner. In *People v. Sherow* (2015) 239 Cal.App.4th 875, 878-879, this court concluded the initial burden must be on the petitioner. Since that opinion another court in *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449, has reached the same conclusion. Tucker does not challenge either appellate opinion in his briefs.

B.  Analysis

In his reply brief, Tucker does not contend he met his burden of proof.  Rather, he requests this court to remand the case to the trial court so he can attempt to meet his burden.  We decline to do so.

In the trial court the People argued there were four checks cashed on this occasion, varying in amounts from around $300 to $800.  Certainly Tucker would have been aware of the number and amounts of the checks he presented.  The opposition papers put Tucker on notice that the People were alleging an amount of loss in excess of $950.  Tucker did not avail himself of the opportunity to put that amount in question, nor did he challenge the prosecution's assertion.  We believe it is not appropriate to remand this case to the trial court so that Tucker can address that which was already in issue.

DISPOSITION

The order denying Tucker's petition for resentencing under section 1170.18 is affirmed.

HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


HALLER, J.

11