Filed 3/12/21  Robinson v. Kong CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| EARLYN ROBINSON, | C083719 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2014-00165157CUPOGDS) |
| v. | |
| DONALD KONG, | |
| Defendant and Respondent. | |

Plaintiff Earlyn Robinson appeals from an order entered on November 16, 2016, which denied her "Motion for Relief from Mistake from Motion filed July 21, 2016."  In her opening brief, plaintiff indicates she believes her one-time counsel, Justin L. Ward, "acted unprofessionally and misrepresented himself," has "not been forthcoming with information or evidence during this case," and breached his retainer in the scheduling of the settlement conference and providing signatures on plaintiffs' behalf without their knowledge.  On this alleged basis, plaintiff also asks us to subpoena various records from Ward and censure him for alleged "misrepresentation of the facts and evidence involved

1

in this case, for the failure to disclose funds, [and] concluding the process of the case with a settlement conference without prior notification and agreement by the [p]laintiff."

Because no final judgment as to plaintiff's claims has been entered in the trial court, we dismiss this appeal.

## DISCUSSION

On August 6, 2014, plaintiff and two other parties filed an action against defendant Donald Kong. One of the other two parties is a minor. The substance of the complaint's allegations are not at issue here. Defendant filed an answer in October 2014. On May 17, 2016, following a mediation, Justin L. Ward, who at the time represented all the plaintiffs, filed a notice of unconditional settlement of the entire case. Within 10 days, plaintiff filed a substitution of attorney, in which she indicated she would be representing herself going forward.

Plaintiff then filed a motion to rescind the settlement agreement. Plaintiff later made a "Motion for order to Extend Time to Rescind Settlement Agreement," which the trial court denied in a tentative ruling that became an order on July 19, 2016. Then, on July 21, 2016, plaintiff filed a "Motion to Set Aside and Vacate Judgment." The trial court denied that motion on September 2, 2016, observing, "no judgment has been entered, therefore the motion must be denied."

On September 8, 2016, plaintiff filed a "Requesting Motion to Amend Pleading for Relief from Mistake on Motion Filed 7/21/2016 'Set Aside and Vacate Judgment' Pleadings for Reconsideration to Extend Time to Rescind Settlement Agreement" and supporting documents. Based on the memorandum of points and authorities plaintiff filed in support of her motion, the plaintiff appears to have brought her motion pursuant to Code of Civil Procedure, sections 473, subdivision (a), and 1008, subdivision (b). (Subsequent code citations are to the Code of Civil Procedure unless otherwise noted.)

2

The trial court issued a minute order following a November 16, 2016, hearing on the "Motion for Relief from Mistake for Motion filed July 21, 2016" denying the motion. In it, the trial court observed that the plaintiff was not actually seeking to amend her pleadings pursuant to section 473, subdivision (a), which permits a court to allow a party to amend a pleading. Rather, the trial court considered the merits of the motion under section 473, subdivision (b)(1), which permits a court to, "relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." The trial court found plaintiff had not demonstrated mistake, inadvertence, or excusable neglect. Additionally, the trial court observed that it was unclear if plaintiff was asking the court to reconsider, revoke or amend, its prior order under section 1008, subdivision (a), or simply making an application for the same relief under section 1008, subdivision (b). Either way, the trial court found plaintiff's motion must be denied, because she had failed to demonstrate any new or different facts in support of the motion, as required by both subdivision (a) and subdivision (b) of section 1008.

Plaintiff filed a notice of appeal to challenge the trial court's November 16, 2016, order on December 13, 2016.

It does not appear that the trial court ever entered a judgment or dismissal pursuant to California Rules of Court, Rule 3.1385(b) or (d), or any other law, with respect to plaintiff's claims.

DISCUSSION

*The Order Is Not an Appealable Order*

Section 904.1 identifies judgments and orders that are appealable in this court. Though plaintiff may have styled her various motions as ones to set aside judgments, they are more accurately characterized as motions to rescind the settlement agreement and motions seeking to have the court reconsider its denial of her efforts to rescind that

3

agreement.  Orders on motions of this sort are not identified in section 904.1.  (See *Tate v. Wilburn* (2010) 184 Cal.App.4th 150, 159-160 [orders denying motions for reconsideration under section 1008, subdivision (a), or to renew a motion under section 1008, subdivision (b), are not appealable]; see also *Fleur du Lac Estates Assn. v. Mansouri* (2012) 205 Cal.App.4th 249, 256-257 [applying cases interpreting section 904.1 to conclude "an order denying a motion for relief under section 473(b) may be appealable under subdivision (e) of section 1294 as '[a] special order after final judgment,' but obviously a final judgment must precede the order for that to be so"]; cf. *Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 927, fn. 6 ["An order denying relief from a judgment under section 473(b) is a separately appealable *postjudgment* order under Code of Civil Procedure section 904.1, subdivision (a)(2)," italics added].)

Thus, plaintiff's claims are not ripe for appeal.

DISPOSITION

Plaintiff's appeal is dismissed.


_____

HULL, J.


We concur:



_____

BLEASE, Acting P. J.



_____

DUARTE, J.