Filed 12/22/25  Perez v. Aranda CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ALMA PEREZ,<br><br>    Plaintiff, Cross-Defendant and Respondent,<br><br>v.<br><br>JOSE ARANDA et al.,<br><br>    Defendants, Cross-Complainants and Appellants. | 2d Crim. No. B342303<br>(Super. Ct. No. 56-2021-00550859-CU-BC-VTA)<br>(Ventura County) |

A court's failure to exercise its discretion whether to grant a party relief under Code of Civil Procedure[1] section 473, subdivision (b) from a judgment entered after a trial in their

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

absence is error.  We will reverse and remand directing the court to exercise its discretion.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a dispute over the sale of a business. A five-day jury trial was set by stipulation of the parties to begin in April 2024, but only Alma Perez, respondent, appeared. Appellants Jose and Liz Aranda et al., were represented by counsel who had not informed them of the trial date.  Trial was continued three times after that date and each time the clerk gave notice to appellants' attorney, the last time by telephone. Neither appellants nor their attorney ever appeared.  On the final trial date, the court determined appellants waived jury trial by failing to post jury fees and failing to appear.  Respondent waived her right to a jury, the court received evidence, and the matter was submitted for decision.

The court found in favor of respondent on the breach of contract claim and entered judgment in respondent's favor and against appellants in the amount of $33,275.

Appellants moved to vacate and set aside the judgment pursuant to section 473 subdivision (b), claiming judgment was taken against them as the result of their and their counsel's mistake, inadvertence, surprise, and neglect.  The trial court denied relief, finding section 473 subdivision (b) relief unavailable because a judgment entered following an uncontested trial is not a default, default judgment, or dismissal.

## DISCUSSION

Section 473 subdivision (b) has two provisions.  One is discretionary, the other mandatory.  The discretionary provision authorizes relief from judgment, dismissal, order, or other

proceeding.[2]  The mandatory provision authorizes relief only from a clerk's entry of default, default judgment, or dismissal.[3]

"A motion to vacate under section 473(b) ""is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse . . . the exercise of that discretion will not be disturbed on appeal.'" [Citation.]  The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.' [Citations.]  However, '[b]ecause the law favors disposing of cases on their merits, "any doubts in applying section 473 must be resolved in favor of the party seeking relief from default [citations].  Therefore, a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits.'" [Citation.]  Moreover, 'failure to exercise discretion is

---

[2] Section 473, subdivision (b)'s discretionary provision provides:  "[t]he court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."

[3] Section 473, subdivision (b)'s mandatory provision provides:  "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."

3

"itself an abuse of discretion."'" (*Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 929 (*Austin*).)

Appellants contend the trial court abused its discretion by declining to reach the merits of their motion for relief under the discretionary provision of section 473, subdivision (b). We agree.

A party seeking relief under the discretionary provision "'must demonstrate that such mistake, inadvertence, or general neglect was excusable.'" (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 258.) If relief is sought due to an attorney's conduct that conduct must not fall below the professional standard of care. "'To hold otherwise would be to eliminate the express statutory requirement of excusability and effectively eviscerate the concept of attorney malpractice.'" (*Ibid.*) In determining whether an attorney's mistake or inadvertence was excusable, 'the court inquires whether "a reasonably prudent person under the same or similar circumstances" might have made the same error.'" (*Ibid.*) "An exception to this rule allows relief where the attorney's neglect, although inexcusable, was so extreme as to constitute misconduct effectively ending the attorney-client relationship." (*Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 682.) "[T]he attorney's misconduct must be sufficiently gross to effectively abrogate the attorney-client relationship, thereby leaving the client essentially unrepresented at a critical juncture in the litigation." (*Id.* at pp. 682-683; see also *Seacall Development, Ltd. v. Santa Monica Rent Control Bd.* (1999) 73 Cal.App.4th 201, 205, citing *Carroll v. Abbott Laboratories Inc.* (1982) 32 Cal.3d 892, 900 ["Imputation of the attorney's neglect to the client ceases at the point where 'abandonment of the client appears'"].)

The trial court denied relief because it believed relief was available only from a default or default judgment and not from a judgment after trial. In fact, discretionary relief is available for "a judgment, dismissal, order, or other proceeding." (§ 473, subd. (b).) Thus, in denying the motion the court failed to determine whether appellants' and their attorney's failure to appear at trial was excusable, or if inexcusable, whether their attorney's conduct was so egregious it effectively resulted in an abandonment of the attorney-client relationship such that it could not be imputed to appellants.

The court's refusal to consider the merits of appellants' motion under the discretionary provision was plain error. (*Austin, supra,* 244 Cal.App.4th at p. 931.) Failure to exercise discretion constitutes an abuse of discretion compelling reversal. (*Id.* at p. 932.)

Appellants also contend the trial court erred by declining to reach the merits of their motion under the mandatory provision because "a judgment entered after a one-sided prove-up trial is the procedural equivalent of a default judgment." We disagree. "[T]he mandatory provision of section 473(b) does not apply to a judgment entered after an uncontested trial in a defendant's absence because such a judgment is neither a 'default,' a 'default judgment' nor a 'dismissal' within the meaning of section 473(b)." (*Vandermoon v. Sanwong* (2006) 142 Cal.App.4th 315, 317.) We conclude the court did not err in denying appellants mandatory relief under section 473, subdivision (b).

## DISPOSITION

Judgment is reversed and the matter is remanded for a new hearing on appellants' motion for discretionary relief under

5

section 473 subdivision (b).  The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.


CODY, J.


We concur:


YEGAN, Acting P. J.


HIPPACH, J.*

---

\* Judge of the Superior Court for Santa Barbara, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Mark S. Borrell, Judge
Superior Court County of Ventura
_____

Alma Perez, In Pro Per, for Plaintiff, Cross-Defendant and Respondent.

Christina Vanarelli, for Defendants, Cross-Complainants and Appellants.