Filed 12/16/25  Chazanas v. Hakopian CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ARI CHAZANAS et al., | B339179 |
| Plaintiffs, Cross-Defendants, and Respondents. | (Los Angeles County Super. Ct. No. 21STCV22304) |
| v. | |
| VAZGEN HAKOPIAN, | |
| Defendant, Cross-Complainant, and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael P. Linfield, Judge.  Affirmed.

Vazgen Hakopian, in pro. per., for Defendant, Cross-Complainant, and Appellant.

AXS Law Group LA, James K. Kawahito, and Brian R. Tinkham, for Plaintiffs, Cross-Defendants, and Respondents.

————————————

Defendant and cross-complainant Vazgen Hakopian[1] appeals from a trial court order denying his motion for relief from a default judgment. The trial court entered the default judgment after Hakopian failed to comply with a discovery order and failed to appear at a sanctions hearing and a subsequent order to show cause hearing. Four months later, Hakopian moved to set aside the judgment under Code of Civil Procedure section 473, subdivision (b), on the basis that it resulted from his excusable neglect.[2] The trial court found Hakopian's explanations not credible and denied the motion. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2021, Ari Chazanas filed a complaint against Vazgen Hakopian for breach of contract, fraud, negligence, restitution, and money had and received. The complaint alleged that Chazanas hired and paid Hakopian to remodel a kitchen. The parties agreed that the remodel would take 45 days. However, after four months, Hakopian had finished less than half the job and the craftsmanship and materials were of lower quality than Chazanas had requested. Chazanas later learned that Hakopian had falsely represented that he was a licensed contractor. Chazanas paid another contractor to demolish and

---

[1] The underlying lawsuit was filed against "Vazgen Hakopian, aka Vazgen Hakobian," and documents included in the record use both spellings. For simplicity and consistency, we refer to appellant as Hakopian.

[2] Further undesignated statutory references are to the Code of Civil Procedure.

replace Hakopian's work, and sought to recover the cost of that work from Hakopian.

In November 2021, Hakopian filed a cross-complaint against Chazanas for failure to pay wages and overtime; failure to provide wage statements, meal periods, and rest periods; and unfair competition.[3]

On March 11, 2022, Chazanas served discovery requests on Hakopian's counsel. Hakopian's responses to these requests were due on April 11, 2022.

On March 24, 2022, Hakopian filed a substitution of attorney form indicating that he would be representing himself. Later that day, Chazanas's counsel contacted Hakopian by email, recommended that he hire a new attorney, and informed him that his responses to discovery requests would be due April 12, 2022.

On March 25, 2022, Chazanas served Hakopian with another set of discovery requests. Hakopian's responses were due on April 29, 2022.

On May 2, 2022, Chazanas sent a letter to Hakopian by certified mail and email seeking to meet and confer regarding the outstanding discovery requests. Chazanas informed Hakopian that if he did not respond to the requests by May 10, 2022, Chazanas would move to compel responses and seek sanctions.

Hakopian did not respond to the discovery requests. On May 25, 2022, Chazanas moved to compel responses to the requests and moved for $1,935 in monetary sanctions based on the time spent preparing the motions and the associated filing fees. Hakopian did not respond to the motions.

---

[3] The cross-complaint also named three additional cross-defendants who are not parties to this appeal.

On June 21, 2022, Hakopian filed a substitution of attorney form indicating he would now be represented by a new law firm. His new counsel appeared at the June 24, 2022 hearing on Chazanas's motion to compel. At the hearing, the trial court found that the discovery requests were properly served and that Hakopian failed to timely respond. It ordered Hakopian to respond to the requests and awarded sanctions in the amount of $1,680.

In August 2022, criminal proceedings were initiated against Hakopian based on the same facts underlying the dispute in this case. On September 12, 2022, pursuant to the parties' stipulation, the trial court in this case stayed all proceedings and set a status conference for March 2023.

On July 13, 2023, at a hearing at which Hakopian was represented by counsel, the court lifted the stay. The court set a status conference for September 11, 2023.

Meanwhile, on June 9, 2023, Hakopian's attorney had moved to be relieved as counsel, citing irreconcilable differences with his client. The court granted the motion on July 17, 2023.

Hakopian did not appear at the September 11, 2023 status conference and did not file a status report in advance of that hearing. The court scheduled a jury trial for February 2024.

On October 4, 2023, Chazanas contacted Hakopian by email to remind him of the court's June 24, 2022 order compelling Hakopian to respond to discovery requests. Chazanas informed Hakopian that he would file a motion for terminating sanctions if the responses were not received by October 21, 2023. Chazanas sent Hakopian a reminder email on October 11, 2023. Hakopian did not respond.

On October 17, 2023, Chazanas filed a motion for terminating sanctions based on Hakopian's failure to comply with the court's order compelling responses to discovery. Hakopian did not respond to the motion. Following a November 9, 2023 hearing at which Hakopian did not appear, the trial court granted the motion and dismissed Hakopian's cross-complaint with prejudice. It scheduled an order to show cause hearing regarding the entry of a default judgment.

Hakopian did not appear at the December 21, 2023 order to show cause hearing. The court entered a default judgment against Hakopian. The court clerk served Hakopian with notice of the entry of judgment on December 22, 2023. Chazanas assigned his interest in the judgment to respondent Modern Adjustment Bureau.

On March 27, 2024, Hakopian filed a motion, through counsel, for relief from the default judgment under section 473, subdivision (b), on the ground that it resulted from inadvertence, surprise, mistake, or excusable neglect. The motion argued that Hakopian had been proceeding pro per and did not receive notice of Chazanas's motion for terminating sanctions, and that he was incapacitated in a June 18, 2023 car accident.

Chazanas's opposition argued that Hakopian was properly served with the motion for terminating sanctions. The opposition attached a sworn declaration from a process server who had personally served the motion at Hakopian's home address on October 17, 2023. The process server declared that a person who identified himself as Hakopian answered the intercom speaker and asked the process server to leave the documents on the porch. The opposition further argued that Hakopian had produced no evidence supporting that he was incapacitated at the

time of the November 2023 hearing on Chazanas's motion or the December 2023 order to show cause hearing.

On May 2, 2024, the court denied Hakopian's motion for relief from the default judgment. The court identified three problems with Hakopian's arguments. First, even assuming that Hakopian was truly incapacitated and did not receive notice of any court proceedings in the second half of 2023, Hakopian failed to explain why he made no attempt to contact the court to notify it about his incapacitation. The court found that this "greatly diminish[ed]" his credibility. Second, the court concluded that Hakopian's own evidence did not support that he was so incapacitated that he could not participate in the litigation. For example, Hakopian visited a doctor and communicated through an interpreter in September 2023, some two months before the hearing on Chazanas's motion. This established that Hakopian was not physically or mentally incapacitated and could have participated in litigation. The court determined that this "further diminishe[d] his credibility." Third, the court found the process server credible and, in turn, found that Hakopian was personally served with the motion for terminating sanctions. Because Hakopian was aware of the motion and able to respond to it, the court determined that his failure to attend the November and December hearings was intentional, and not the result of mistake, inadvertence, surprise, or excusable neglect.

On June 17, 2024, Hakopian filed a notice of appeal from the November 9, 2023 order granting terminating sanctions and striking Hakopian's answer to the complaint, the December 22, 2023 default judgment, and the May 2, 2024 order after judgment denying Hakopian's section 473 motion.

6

## DISCUSSION

### I. Timeliness of appeals

"The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal." (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56 (*Van Beurden*); Cal. Rules of Court, rules 8.60(d), 8.104(b).)

Hakopian's notice of appeal purports to appeal from the December 22, 2023 default judgment. "Unless a statute or rules 8.108, 8.702, or 8.712 provides otherwise, a notice of appeal must be filed on or before the earliest of: [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served . . . ." (Cal. Rules of Court, rule 8.104(a)(1)(A).) The clerk's transcript in this case includes a file-stamped copy of a notice of entry of judgment and a file-stamped certificate of mailing reflecting that the notice was served on Hakopian by mail on December 22, 2023. Hakopian's appeal from the judgment therefore needed to be filed within 60 days, or by February 20, 2024. (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 903 [60-day time to appeal is triggered "when the clerk has sent a single, self-sufficient document satisfying all of the rule's conditions"].)

The notice of appeal also purports to appeal from a November 9, 2023 order granting terminating sanctions and striking Hakopian's answer to the complaint. This order is not independently appealable. However, the order became appealable after the judgment was entered, and therefore any

7

appeal was due by February 20, 2024. (§ 904.1, subd. (b); *Nickell v. Matlock* (2012) 206 Cal.App.4th 934, 940.)

Hakopian's notice of appeal was filed on June 17, 2024, nearly four months after the February 20 deadline to appeal from the judgment. Because no party addressed this issue in the appellate briefing, we invited the parties to submit supplemental briefs as to the timeliness of an appeal from the judgment and from the interlocutory order granting terminating sanctions.

Hakopian's supplemental brief asserts that there is no evidence in the record that he was served with a signed copy of the judgment. However, the 60-day timeline to appeal is triggered once "the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment *or* a filed-endorsed copy of the judgment . . . ." (Cal. Rules of Court, rule 8.104(a)(1)(A), italics added.) As we have discussed, the clerk's transcript establishes that the superior court clerk served Hakopian with a file-stamped notice of entry of judgment on December 22, 2023. Thus, Hakopian had 60 days to appeal from the judgment, or until February 20, 2024, even if he never received a signed copy of the judgment.

Hakopian argues that any presumption that the notice of entry of judgment was properly mailed may be "rebutted by evidence supporting denial of receipt." (*Wolstoncroft v. County of Yolo* (2021) 68 Cal.App.5th 327, 350.) But Hakopian has not identified any such evidence. For the first time in his letter brief, Hakopian contends that he never received the notice. But this contention is irrelevant, as it is " 'axiomatic that statements made in briefs are not evidence . . . .' " (*Turrieta v. Lyft, Inc.* (2024) 16 Cal.5th 664, 697.)

Hakopian's supplemental brief also contends that his time to appeal from the judgment was extended pursuant to California Rules of Court, rule 8.108(c), because he filed a motion to set aside the judgment. But that subdivision only extends the deadline to appeal if the appellant moved to vacate the judgment "within the time prescribed by rule 8.104 to appeal from the judgment." (Cal. Rules of Court, rule 8.108(c).) As we have discussed, Hakopian had 60 days to appeal from the judgment under the circumstances of this case. (*Id*., rule 8.104(a)(1)(A).) He moved to set aside the judgment on March 27, 2024, or 96 days after the judgment was entered. Hakopian's motion therefore did not extend the time to appeal from the judgment.[4]

Finally, Hakopian notes that Chazanas has not argued that the appeal is untimely as to the judgment. Even so, once the time to appeal has expired, "the appellate court has no power to entertain the appeal." (*Van Beurden*, *supra*, 15 Cal.4th at p. 56.) Because Hakopian did not timely appeal from the judgment or the interlocutory order granting terminating sanctions, we lack jurisdiction to consider these aspects of his appeal.

---

[4] Hakopian's appellate briefing also mentions a June 21, 2024 motion to set aside the judgment under section 473, subdivision (d). Hakopian asserts that this motion "was never heard because of the appeal filing." To the extent Hakopian means to argue that the trial court erred by failing to resolve the motion, we lack jurisdiction to resolve his challenge because his notice of appeal, which is dated before the motion was filed, did not purport to appeal from an order denying the motion. (*Colony Hill v. Ghamaty* (2006) 143 Cal.App.4th 1156, 1171 [appellate court lacks jurisdiction to consider order not identified in notice of appeal].)

However, Hakopian also appealed from the May 2, 2024 order denying his motion to set aside the default judgment. That order is independently appealable as an order made after judgment. (*Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1137; § 904.1, subd. (a)(2).) The appeal is timely as to that order because the June 17, 2024 notice of appeal was filed within 60 days thereof. (Cal. Rules of Court, rule 8.104(a)(1)(A) & (e).) We therefore consider the merits of Hakopian's challenge to the order denying his motion to set aside the judgment.[5]

## II.   The trial court did not abuse its discretion in denying Hakopian's motion for relief from the default judgment

Hakopian moved for relief from the default judgment under the discretionary aspect of section 473, subdivision (b), which provides that the trial court "may, upon any terms as may be just," relieve a party from a judgment "taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." As "the party moving to set aside the default," Hakopian "has the burden of showing good cause for relief." (*Shapell SoCal Rental Properties, LLC v. Chico's FAS, Inc.* (2022) 85 Cal.App.5th 198, 212.)

---

[5]   We deny Hakopian's motion to augment the record with a non-file-stamped copy of his notice of appeal, the docket from his criminal proceedings, and a July 2, 2024 request for judicial notice of certain documents in support of Hakopian's June 21, 2024 motion to set aside the default judgment. These materials are not relevant to any issue on appeal. (*Guarantee Forklift, Inc. v. Capacity of Texas, Inc.* (2017) 11 Cal.App.5th 1066, 1075.)

"A motion to vacate under section 473(b) ' " 'is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse . . . the exercise of that discretion will not be disturbed on appeal.' " [Citations.] The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.' [Citation.]" (*Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 929 (*Austin*).)

" 'Credibility is an issue for the fact finder . . . ; we do not reweigh evidence or reassess the credibility of witnesses. [Citation.] . . . When . . . "the evidence gives rise to conflicting reasonable inferences, one of which supports the findings of the trial court, the trial court's finding is conclusive on appeal . . . ." [Citation.]' " (*Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 915 (*Cowan*).)

Hakopian's motion first argued that the default judgment was the result of mistake or excusable neglect because he was proceeding pro per and did not receive notice of Chazanas's motion for terminating sanctions. However, the trial court found Hakopian was not credible and expressly credited the process server. In turn, the court found that Hakopian was personally served with the motion. We do not reweigh the trial court's credibility assessments, and we accept these findings as conclusive. (*Cowan*, *supra*, 196 Cal.App.4th at p. 915.) Hakopian's assertion that he was not served therefore cannot support his motion.

Hakopian's motion also contended that the default judgment was the result of mistake or excusable neglect because he was incapacitated by a June 2023 car accident and was thereafter unable to participate in the litigation. The trial court also found that Hakopian was not credible on this issue, and we

11

cannot reweigh its credibility determination. (*In re Marriage of Diamond* (2024) 106 Cal.App.5th 550, 570 [rejecting testimony that movant was "unable to function" based on trial court's lack of credibility finding].) Moreover, the evidence supports the trial court's finding that Hakopian was able to participate in the lawsuit. Specifically, Hakopian submitted evidence that he visited an orthopedic office and communicated with a surgeon through an interpreter on September 12, 2023. Thus, substantial evidence supports that Hakopian was not physically or mentally incapacitated some three months after he was served with Chazanas's motion and two months before the hearing on the motion.

Hakopian contends that the trial court order "does not at all address" his argument that the default judgment resulted from excusable neglect. He also asserts that the trial court did not find that he intentionally failed to respond to Chazanas's motion.[6] These arguments are unfounded. The trial court order, which is three pages longer than Hakopian's motion, addressed and rejected Hakopian's arguments at length. And the trial court expressly found that Hakopian "intentionally stopped participating" in the litigation and that the judgment was the result of "his intentional avoidance of this litigation." To the extent Hakopian means to challenge the trial court's findings as unsupported by the evidence, we reject his argument. Hakopian

---

[6] Hakopian's briefing fails to explain the significance of this point. However, we recognize that if the judgment resulted from Hakopian's intentional conduct, then it necessarily was not caused by his excusable neglect. (*Pagarigan v. Aetna U.S. Healthcare of California, Inc.* (2007) 158 Cal.App.4th 38, 44 (*Pagarigan*).)

was served with notice of Chazanas's motion and was physically and mentally capable of participating in the litigation, yet he failed to file an opposition to the motion, missed two court hearings, and never contacted the court to seek a continuance. This evidence supports a finding that Hakopian's failure to participate in the litigation was "deliberate rather than inadvertent" and therefore not the result of excusable neglect. (*Pagarigan*, *supra*, 158 Cal.App.4th at p. 45.)

Even if the evidence could support a finding to the contrary, the evidence at best " ' "gives rise to conflicting reasonable inferences," ' " and therefore the trial court's findings are conclusive. (*Cowan*, *supra*, 196 Cal.App.4th at p. 915.) The trial court ruling did not exceed the bounds of reason, and it did not abuse its discretion in denying Hakopian's motion to set aside the judgment. (*Austin*, *supra*, 244 Cal.App.4th at p. 929.)

Finally, for the first time on appeal, Hakopian appears to assert that he was entitled to mandatory relief under section 473, subdivision (b). In addition to the discretionary relief described above, section 473, subdivision (b) provides that the court "shall" vacate a default judgment when the movant's application is "accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b); *Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1124 [applications seeking mandatory relief must be accompanied by attorney affidavit].) However, Hakopian's motion was not accompanied by an attorney's affidavit. The mandatory relief aspect of the statute does not apply.

## DISPOSITION

The order denying Hakopian's motion to set aside the judgment is affirmed.  Respondents to recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


HANASONO, J.


We concur:



EGERTON, Acting P. J.



ADAMS, J.


14